UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:05cv 538

| | |
|---|---|
| CHARLES DUKE and AERIAL SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROLLS-ROYCE CORPORATION, ROLLS-ROYCE NORTH AMERICA INC., STANDARD AERO INC., and STANDARD AERO LIMITED, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> **VERIFICATION OF FILING OF NOTICE TO STATE COURT OF NOTICE OF REMOVAL** |

Attached hereto is a copy of the Notice to State Court of Notice of Removal, the original of which was filed with the Civil Superior Court of Mecklenburg County, and a copy of which was served upon the attorneys for plaintiffs and co-defendants. This will also certify that copies of the Notice of Removal have also been timely filed with the state court from which this action was removed.

This the 30th day of December, 2005.

_____
Jack M. Strauch, N.C. State Bar #22341
Attorney for Rolls-Royce Corporation and
Rolls-Royce North America Inc.

OF COUNSEL:

WOMBLE CARLYLE SANDRIDGE & RICE
*a Professional Limited Liability Company*
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone:     (336) 721-3600
Facsimile:     (336) 721-3660

| NORTH CAROLINA | ) | IN THE GENERAL COURT OF JUSTICE |
| MECKLENBURG COUNTY | ) | SUPERIOR COURT DIVISION |
| | ) | 05 CVS 21660 |

| | | |
|---|---|---|
| CHARLES DUKE and AERIAL SOLUTIONS, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **NOTICE TO STATE COURT** |
| v. | ) | **OF NOTICE OF REMOVAL** |
| | ) | |
| ROLLS-ROYCE CORPORATION, | ) | |
| ROLLS-ROYCE NORTH AMERICA INC., | ) | |
| STANDARD AERO INC., and STANDARD | ) | |
| AERO LIMITED, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

TO:    Honorable Martha H. Curran
       Clerk of Court, Mecklenburg County
       P. O. Box 37971
       Charlotte, North Carolina 28237-7971

     PLEASE TAKE NOTICE THAT defendants Rolls-Royce Corporation and Rolls-Royce North America, Inc., pursuant to 28 U.S.C. §§1441, have filed a Notice of Removal with the United States District Court for the Middle District of North Carolina removing the action instituted on December 1, 2005 on behalf of plaintiffs in the Mecklenburg County Superior Court to the United States District Court for the Western District of North Carolina. A copy of the Notice of Removal is attached.

This the 30th day of December, 2005.

_____
Jack M. Strauch, N. C. State Bar No. 22341
Attorney for Rolls-Royce Corporation and Rolls-Royce
North America Inc.

OF COUNSEL:

WOMBLE CARLYLE SANDRIDGE & RICE
*a Professional Limited Liability Corporation*
One West Fourth Street
Winston-Salem, NC 27101
Telephone:      (336) 721-3600
Facsimile:      (336) 721-3660

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No.

| | |
|---|---|
| CHARLES DUKE and AERIAL SOLUTIONS, INC., )<br><br>Plaintiffs, )<br><br>v. )<br><br>ROLLS-ROYCE CORPORATION, )<br>ROLLS-ROYCE NORTH AMERICA INC., )<br>STANDARD AERO INC., and STANDARD )<br>AERO LIMITED, )<br><br>Defendants. ) | **NOTICE OF REMOVAL** |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT:

Defendants Rolls-Royce Corporation and Rolls-Royce North America Inc., by and through counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, remove the above-captioned action commenced in the Superior Court of Mecklenburg County, North Carolina, File No. 05 CVS 21660, to this Court, and show the Court the following grounds for removal:

1.      Rolls-Royce Corporation and Rolls-Royce North America Inc. are defendants in the civil action brought against it in the Superior Court of the State of North Carolina, Mecklenburg County, titled <u>Charles Duke, et al. v. Rolls-Royce Corporation, et al.</u>, Case No. 05 CVS 21660. A copy of the Summons and Complaint in that action are attached hereto pursuant to 28 U.S.C. § 1446(a), and constitute all process, pleadings, and orders served upon these defendants in that action, exclusive of written discovery requests.

2.      The Summons and Complaint attached to this Petition show that service was effected via Corporation Service Company on December 2, 2005 not more than thirty (30) days

before filing of this Notice. The time for answering this action has not yet expired under North Carolina state law. These defendants have not filed any pleadings or otherwise appeared in the state court action. The state court complaint alleges and avers that plaintiff Charles Duke is a citizen and resident of the State of Tennessee, and plaintiff Aerial Solutions, Inc. is a North Carolina corporation with its principal place of business in Tabor City, Columbus County, North Carolina. The undersigned avers that Rolls-Royce Corporation, at the time this action was commenced, was and still is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Indianapolis, Indiana. The undersigned avers that Rolls-Royce North America, Inc., at the time this action was commenced, was and still is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Virginia. These defendants are not now, nor have they been, citizens of the State of North Carolina.

3. This is an action between citizens of different states and is one wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. The action arises out of the crash of a Hughes helicopter. The state court complaint alleges that plaintiff Duke, the pilot of the helicopter, suffered personal injuries, including medical expenses, permanent disability and pain and suffering. (Complaint, ¶ 14). The state court complaint further alleges that plaintiff Aerial Solutions, Inc., the owner of the helicopter, suffered substantial economic damages including the loss of the helicopter, clean-up costs, expenses for inspecting and overhauling the engines in Aerial Solutions' fleet of other helicopters and the loss of business income while the fleet was out of service. (*Id.*). A reasonable reading of the allegations of the complaint indicates that the value of plaintiffs' claims, if proven, exceed $75,000.00, exclusive of interest and costs.

Case 3:05-cv-00538-MR-CH   Document 1   Filed 12/30/05   Page 5 of 28

4.    Because complete diversity exists and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and this matter may be removed to this Court pursuant to the provisions in 28 U.S.C. § 1441.

5.    Co-defendants Standard Aero, Inc. and Standard Aero Limited have consented to this removal through counsel.

6.    Pursuant to 28 U.S.C. §1446(d), defendants contemporaneously file herewith their Verification of Notice to State Court of Notice of Removal.

This the 30th day of December, 2005.

_____
Jack M. Strauch, N. C. State Bar No. 22341
Attorney for Rolls-Royce Corporation and Rolls-Royce
North America Inc.

OF COUNSEL:

WOMBLE CARLYLE SANDRIDGE & RICE
*a Professional Limited Liability Corporation*
One West Fourth Street
Winston-Salem, NC 27101
Telephone:    (336) 721-3600
Facsimile:    (336) 721-3660

3



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

SBR / ALL
Transmittal Number: 4267081
Date Processed: 12/06/2005

**Primary Contact:**    SOP Scan - Rolls Royce
SOP - PowerBrief - Tallahassee
SOP - Scan
1201 Hays Street
Tallahassee, FL 32301-2607

**Copy of transmittal only sent to:**    Mary Sullivan
PowerBrief Support

| | |
|---|---|
| **Entity:** | Rolls-Royce North America Inc.<br>Entity ID Number 2053204 |
| **Entity Served:** | Rolls-Royce North America, Inc. |
| **Title of Action:** | Charles Duke and Aerial Solutions, Inc. vs. Rolls-Royce Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court:** | Mecklenburg County, General Court of Justice, Superior Court Division, North Carolina |
| **Case Number:** | 05-CVS-21660 |
| **Jurisdiction Served:** | North Carolina |
| **Date Served on CSC:** | 12/02/2005 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Plaintiff's Attorney:** | Rodney Dean<br>Not Shown |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

# STATE OF NORTH CAROLINA

## MECKLENBURG COUNTY

File No. 05-CVS- 21446

Film No

In the General Court of Justice
( ) District Court Division   (X) Superior Court Division

**Plaintiff(s)**
CHARLES DUKE and AERIAL SOLUTIONS, INC

**Address**
c/o Dean & Gibson, 301 S. McDowell Street, Suite 900

**City State, Zip**
Charlotte, NC 28204

## CIVIL SUMMONS

☐ Alias and Pluries Summons

G S 1A-1, Rules 3,4

### VERSUS

**Defendant(s)**
ROLLS-ROYCE CORPORATION,
ROLLS-ROYCE NORTH AMERICA INC ,
STANDARD AERO INC  and STANDARD AERO LIMITED

Date original Summons Issued

Date(s) Subsequent Summons(es) Issued

## To Each Of The Defendant(S) Named Below

**Name & Address of Defendant  #2**
Rolls-Royce North America Inc.
c/o Corporation Service Company, Registered Agent
327 Hillsborough Street
Raleigh, NC  27603

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows

1. Serve a copy of your written answer to the complaint upon the plaintiff or his attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint

**Name and Address of Plaintiff's Attorney (If none, Address of Plaintiff)**

Rodney Dean and Susan L. Hofer

Dean & Gibson
301 S  McDowell Street, Suite 900
Charlotte, NC  28204

Date Issued

Time Issued   ☐ A M   ☐ P.M.

Signature

☐ Deputy CSC      ☐ Assistant CSC      ☐ Clerk of Superior Court

## ☐ ENDORSEMENT

This Summons was originally issued on the date indicated above and returned not served.  At the request of the plaintiff, the time within which this Summons must be served is extended thirty (60) days.

Date of Endorsement

Time   ☐ A M   ☐ P.M.

Signature

☐ Deputy CSC      ☐ Assistant CSC      ☐ Clerk of Superior Court

**Note to Parties:** *May counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15, 000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100 Rev  10/01
2001 Administrative Office of the Courts

## RETURN OF SERVICE
### I certify that this summons and a copy of the complaint were received and served as follows

#### Defendant 1

| Date served | Name of Defendant |
|---|---|
| | |

☐ By delivering to the defendant named above a copy of the summons and complaint

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant nar above with a person of suitable age and discretion then residing therein

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with).

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason

#### Defendant 2

| Date Served | Name of Defendant |
|---|---|
| | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant nar above with a person of suitable age and discretion then residing therein

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below

Name and address of person with whom copies left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason

| Service Fee Paid | Date Received | Name of Sheriff |
|---|---|---|
| $ | | |
| By | Date of Return | County |
| | | Deputy Sheriff Making Return |

AOC-CV-100, side two, Rev 10/01



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL™

7005 0390 0005 6324 6721

DEAN & GIBSON, L.L.P.
ATTORNEYS AT LAW

SUITE 900, CAMERON BROWN BUILDING
301 SOUTH McDOWELL STREET
CHARLOTTE, NORTH CAROLINA 28204-2965

TO

Rolls-Royce North America Inc.
c/o Corporation Service Company, Registered
Agent
327 Hillsborough Street
Raleigh, NC 27603

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
05-CVS- 21660

CHARLES DUKE and                    )
AERIAL SOLUTIONS, INC.,             )
                                    )
          Plaintiffs,               )
                                    )
     v.                             )          COMPLAINT
                                    )
ROLLS-ROYCE CORPORATION,            )
ROLLS-ROYCE NORTH AMERICA INC.,)
STANDARD AERO INC., and             )
STANDARD AERO LIMITED,              )
                                    )
          Defendants.               )

The Plaintiffs, Charles Duke and Aerial Solutions, Inc., complaining of Defendants,
allege and say:

1.     The Plaintiff Charles Duke is a citizen and resident of Tennessee.

2.     The Plaintiff Aerial Solutions, Inc. (hereinafter "Aerial Solutions") is a North
Carolina corporation with its principal place of business in Tabor City, North Carolina. During
the events described in this Complaint, Aerial Solutions employed Charles Duke as a helicopter
pilot.

3.     The Defendant Rolls-Royce Corporation is a Delaware corporation with its
principal place of business in Indianapolis, Indiana, and is successor in interest to Allison Engine
Company, the successor in interest to Allison Gas Turbine Division of General Motors
Corporation, the original manufacturer of the Model 250 Series turboshaft helicopter engine.
Rolls-Royce Corporation is the Federal Aviation Administration ("FAA") certificate holder for
the Model 250 Series engine and parts and has acquired the design, development, customer

support and service, repair, publication, and other responsibilities of the original manufacturer of the Model 250 Series engine.

4.      The Defendant Rolls-Royce North America Inc. is a Delaware corporation with its principal place of business in Virginia, and is engaged in business in North Carolina.

5.      The Defendant Standard Aero Inc. is a Delaware corporation whose principal place of business is in Texas. During all times relevant to the events described in this Complaint, Standard Aero Inc. operated a helicopter engine maintenance facility in Concord, North Carolina.

6.      Upon information and belief, the Defendant Standard Aero Limited is a corporation organized under the laws of Canada with its principal place of business in Canada.

7.      Upon information and belief, this Court has specific jurisdiction over Rolls-Royce Corporation, including jurisdiction pursuant to N.C.G.S. §1-75.4 (2), (3) and (4), because Rolls-Royce Corporation authorized the Concord, North Carolina facility of Standard Aero Inc., to operate as an authorized Rolls-Royce maintenance center for the repair of Rolls-Royce Model 250 helicopter engines and instructed customers to bring their Rolls-Royce Model 250 engines to an authorized maintenance center for regular maintenance and repairs, which resulted in the temporary lease in Concord, North Carolina, of a substitute Rolls-Royce helicopter engine which failed, proximately causing injuries to Charles Duke and property and economic damages to Aerial Solutions. In addition, this Court has general jurisdiction over Rolls-Royce Corporation, including jurisdiction pursuant to N.C.G.S. §1-75.4(1)(d), because Rolls-Royce Corporation is engaged in substantial activity purposefully directed toward North Carolina, by permitting the Concord, North Carolina, repair center of Standard Aero Inc. to operate as an authorized Rolls-Royce maintenance center for the Model 250 helicopter engines as further described above, by

2

contracting to sell aircraft engines and engine parts manufactured by Rolls-Royce Corporation for use in North Carolina, including continuous and systematic multi-million dollar sales over many years of Rolls-Royce engines and engine parts for use on military bases in North Carolina, and, upon information and belief, by operating and/or supporting Rolls-Royce product support facilities on or near North Carolina military bases, either in its separate capacity or through its affiliate and agent or joint venturer in the support of Rolls-Royce products in North Carolina, Rolls-Royce North America, Inc.

8.     Upon information and belief, this Court has general jurisdiction over Rolls-Royce North America Inc., including jurisdiction pursuant to N.C.G.S. §1-75.4(1)(d), because Rolls-Royce North America Inc. is authorized to do business in North Carolina and is engaged in substantial activity within North Carolina by providing support for Rolls-Royce products in North Carolina and by maintaining customer and product support facilities and personnel in North Carolina, including facilities and personnel located on or near North Carolina military bases.

9.     This Court has both specific and general jurisdiction over Standard Aero Inc., including jurisdiction pursuant to N.C.G.S. §1-75.4(1)(d), (3),(4), and (5), because Standard Aero Inc. is authorized to do business in North Carolina and is engaged in substantial activity within North Carolina, the operation of a helicopter engine maintenance facility in Concord, North Carolina, and because this action claims personal injury and property damage arising out of acts and omissions within this State by Standard Aero Inc. in connection with its lease of a helicopter engine to Aerial Solutions.

10.     Upon information and belief, this Court has both specific jurisdiction and general jurisdiction over Standard Aero Limited, including jurisdiction pursuant to N.C.G.S. §1-

3

75.4(1)(d), (2), (3) (4), and (5), because Standard Aero Limited authorized its affiliate Standard Aero Inc. to act as its agent in North Carolina in repairing and leasing helicopter engines, because Standard Aero Limited solicited North Carolina customers by advertising on its Internet web site in early 2004 that it had increased its Model 250 capability at "its Concord, North Carolina Service Center" to accommodate its U.S. customers, and because a helicopter engine which it had overhauled and which subsequently failed, proximately causing personal injuries to Charles Duke and property damage and economic damages to Aerial Solutions, was leased to Aerial Solutions by Standard Aero Inc. in North Carolina.

11.     On or about November 19, 2004, Aerial Solutions leased a Rolls-Royce/Allison Model 250-C20B helicopter engine, serial number CAE-270419 (hereinafter the "Rolls-Royce Loaner Engine"), from the Concord, North Carolina, facility of Standard Aero Inc. for installation and use on a temporary basis on a Hughes helicopter, registration number N 71487 (the "Helicopter"), which Aerial Solutions owned and operated in its business of aerial trimming of trees and bushes. The purpose of the temporary engine lease was to allow Aerial Solutions to continue to operate its Helicopter while Standard Aero Inc. was performing maintenance on the Helicopter's original Rolls-Royce Model 250 engine.

12.     On December 9, 2004, while performing aerial trimming of trees and bushes for a pipeline right-of-way near Zachary, Louisiana, Charles Duke, in the regular course and scope of his employment as a helicopter pilot for Aerial Solutions, experienced a sudden engine failure resulting in the crash of the Helicopter containing the Rolls-Royce Loaner Engine.

13.     The loss of engine power and subsequent crash were caused by failure of the compressor adapter coupling and the spur adapter gear shaft on the Rolls-Royce Loaner Engine, resulting in disconnection of the compressor from the turbine assembly.

4

14.     The loss of engine power and subsequent crash proximately caused Charles Duke to suffer personal injuries, including medical expenses, permanent disability, pain and suffering, and proximately caused property damage and other economic damages to Aerial Solutions, including the loss of the Helicopter, clean-up costs, expenses for inspecting and overhauling the Rolls-Royce Model 250 engines in Aerial Solutions' remaining Hughes helicopters, and the loss of business income while Aerial Solutions' helicopters were not operating.

## FIRST CAUSE OF ACTION:
## NEGLIGENCE CLAIM AGAINST ROLLS-ROYCE

15.     The allegations of paragraphs 1 through 14 of this Complaint are incorporated herein by reference.

16.     Defendant Rolls-Royce Corporation is the manufacturer of the Rolls-Royce/Allison Model 250 Series helicopter engine, including the Rolls-Royce Loaner Engine involved in this action, and the manufacturer of replacement parts for such Engine.

17.     As the manufacturer, Rolls-Royce Corporation is responsible for monitoring the reliability of the Rolls-Royce Model 250 helicopter engines, investigating catastrophic failures of the engines, and publishing maintenance manual provisions and revisions and Commercial Engine Bulletins used by its franchised authorized maintenance centers in the repair and overhaul of the engines.   Upon information and belief, Rolls-Royce North America Inc. provides support, personnel, and direction to Rolls-Royce Corporation in its capacity as manufacturer of the Model 250 engines and acts as the agent of or joint venturer with Rolls-Royce Corporation in performing some of Rolls-Royce Corporation's manufacturer responsibilities and functions.

18.     Upon information and belief, injuries and damages suffered by Plaintiffs in this action were proximately caused by one or more of the following negligent acts and omissions by

5

Rolls-Royce Corporation and/or Rolls-Royce North America Inc. acting as agent for or joint venturer with Rolls-Royce Corporation (with Rolls-Royce Corporation and Rolls-Royce North America Inc. hereinafter collectively referred to as "Rolls-Royce"):

(1)     The negligent design and/or negligent manufacture of the compressor module system of the Rolls-Royce Loaner Engine and its component parts, including replacement compressor adapter coupling and spur adapter gear parts, negligently creating an unreasonable risk of fatigue cracking; and/or

(2)     After the Rolls-Royce Loaner Engine left Rolls-Royce control and Rolls-Royce became aware of, or in the exercise of ordinary care should have known, that the compressor module and its component parts, including replacement parts, posed a substantial risk of harm to a reasonably foreseeable user, Rolls-Royce's unreasonable failure to give adequate warnings or instructions or take other reasonable action under the circumstances, in violation of La. R.S. 9:2800.54 and 9:2800.57 and §99B-5 of the North Carolina General Statues; and/or

(3)     The unreasonable failure to provide adequate direction and supervision regarding the inspection, maintenance, and overhaul of the Rolls-Royce Loaner Engine by the Rolls-Royce authorized maintenance facilities operated by Standard Aero Limited and Standard Aero Inc., including the unreasonable failure to provide adequate instructions in its maintenance manual and other service publications regarding installation of replacement parts.

**SECOND CAUSE OF ACTION:**
**WARRANTY CLAIMS AGAINST ROLLS-ROYCE**

19.     The allegations of paragraphs 1 through 18 of this Complaint are incorporated herein by reference.

6

20.     Upon information and belief, the failure of the Rolls-Royce Loaner Engine described in this Complaint was caused by a breach of applicable express and implied warranties, including warranties of merchantability, by Rolls-Royce as the manufacturer of the Engine and its component parts, including replacement parts such as the compressor adapter coupling and the spur adapter gear, insofar as those parts as manufactured were unfit for the ordinary uses for which helicopter engines are used.

21.     Upon information and belief, Plaintiffs are entitled to damages against Rolls-Royce for breach of warranty for Charles Duke's injuries and Aerial Solutions' damages.

### THIRD CAUSE OF ACTION:
### LOUISIANA PRODUCTS LIABILITY CLAIM AGAINST ROLLS-ROYCE

22.     The allegations of paragraphs 1 through 21 of this Complaint are incorporated herein by reference.

23.     Rolls-Royce is the manufacturer of the Rolls-Royce Loaner Engine, including the replacement parts for such Engine such as the spur adapter gear and compressor adapter coupling.

24.     At the time of the December 9, 2004, engine failure, the Rolls-Royce Loaner Engine was being operated for a use that the manufacturer should have reasonably anticipated.

25.     The Rolls-Royce Loaner Engine, including its replacement parts, was:

(a)     unreasonably dangerous in construction or composition, in violation of the Louisiana Products Liability Act, including La. R.S. 9:2800.54 and 9:2800.55;

(b)     unreasonably dangerous in design, in violation of the Louisiana Products Liability Act, including La. R.S. 9:2800.54 and 9:2800.56;

(c)     unreasonably dangerous because at the time such Engine and/or replacement parts left Rolls-Royce control, such Engine, part, or parts possessed a characteristic

7

that might cause damage, including a susceptibility to unusual fretting, fractures, and failure, and Rolls-Royce failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of such Engine and/or unreasonably failed to provide adequate instructions and warnings in its maintenance manual, manual revisions, and other service publications regarding installation of such replacement parts, in violation of the Louisiana Products Liability Act, including La. R.S. 9:2800.54 and 9:2800.57; and/or

(d)     unreasonably dangerous because after such parts had left Rolls-Royce control, Rolls-Royce acquired knowledge, or should have acquired knowledge of, the susceptibility of such parts to unusual fretting, fractures, and failure and failed to use reasonable care to provide adequate warnings and instructions to its authorized maintenance centers and other users of Rolls-Royce Model 250 engine parts regarding such characteristics and measures which should be used to remedy such characteristics, in violation of the Louisiana Products Liability Act, including La. R.S. 9:2800.54 and 9:2800.57.

### FOURTH CAUSE OF ACTION:
### NEGLIGENCE CLAIM
### AGAINST STANDARD AERO LIMITED

26.     The allegations of paragraphs 1 through 25 above are incorporated herein by reference.

27.     Upon information and belief, the compressor module and component parts in the Rolls-Royce Loaner Engine were overhauled several times by Standard Aero Limited, most recently when the compressor module was removed for serviceability inspection after rental use and then installed in the Rolls-Royce Loaner Engine by Standard Aero Limited in Winnipeg, Canada, in March 2003. Upon information and belief, Standard Aero Limited acted negligently by failing to use ordinary care while inspecting and installing the compressor module and Rolls-

8

Royce component parts, resulting in failure of the spur adapter gear and compressor adapter coupling in the Rolls-Royce Loaner Engine, proximately resulting in Charles Duke's injuries and damages to Aerial Solutions.

## FIFTH CAUSE OF ACTION:
## LOUISIANA PRODUCTS LIABILITY
## CLAIM AGAINST STANDARD AERO LIMITED

28.     The allegations of paragraphs 1 through 27 above are incorporated herein by reference.

29.     Standard Aero Limited was a "manufacturer" of the Rolls-Royce Loaner Engine as defined in the Louisiana Products Liability Act, La. R.S. 9:2800.53, because Standard Aero Limited reconditioned or refurbished the Rolls-Royce Loaner Engine and because it exercised control over or influenced a characteristic of the construction or quality of the Rolls-Royce Loaner Engine that proximately caused damage to the Plaintiffs.

30.     Standard Aero Limited is liable to Plaintiffs as a manufacturer pursuant to the Louisiana Products Liability Act including La. R.S. 9:2800.54 *et. seq.*, because the failure resulting from its negligent inspection and replacement of the compressor module and component Rolls-Royce parts rendered the Rolls-Royce Loaner Engine unreasonably dangerous and proximately caused injuries and damages arising from use of the Rolls-Royce Loaner Engine by Plaintiffs that was or should have been reasonably anticipated.     In particular, upon information and belief, the Rolls-Royce Loaner Engine was unreasonably dangerous because at the time the Engine left the control of Standard Aero Limited, the Rolls-Royce Loaner Engine deviated in a material way from Rolls-Royce specifications and performance standards and from Standard Aero Limited's own specifications and performance standards or from otherwise

9

identical engines serviced by Standard Aero Limited, in violation of the Louisiana Products Liability Act, including La. R.S. 9:2800.55.

## SIXTH CAUSE OF ACTION:
## NEGLIGENCE BY STANDARD AERO INC.

31.     The allegations of paragraphs 1 through 30 of this Complaint are incorporated herein by reference.

32.     At the time Standard Aero Inc. provided the Rolls-Royce Loaner Engine to Aerial Solutions in November 2004, Standard Aero Inc. knew or should have known that a number of helicopter crashes had occurred involving failures in the Rolls-Royce Model 250 compressor adapter coupling, and that the Rolls-Royce compressor adapter coupling was the subject of a proposed Airworthiness Directive issued by the FAA.

33.     Because of the history of failures of the Rolls-Royce compressor adapter coupling, Standard Aero Inc. was negligent in one or more of the following ways:

         (a)     by unreasonably failing to remove and fully inspect the compressor module and its component parts, including the compressor adapter coupling, before leasing the Rolls-Royce Loaner Engine to Aerial Solutions, and/or

         (b)     by unreasonably failing to provide an adequate warning that the compressor module and its component parts, including the compressor adapter coupling, had not been fully inspected and that such parts created an unreasonably dangerous condition at the time Standard Aero Inc. leased the Rolls-Royce Loaner Engine to Aerial Solutions, Inc., when Standard Aero Inc. knew, or in the exercise of reasonable care, should have known, that the Rolls-Royce Loaner Engine posed a substantial risk of harm to a reasonably foreseeable claimant.

10

34.     The negligence of Standard Aero Inc. as described above proximately caused the December 9, 2004, helicopter crash resulting in Charles Duke's injuries and Aerial Solutions' damages, and Plaintiffs are entitled to damages against Standard Aero Inc. for such injuries and damages.

**SEVENTH CAUSE OF ACTION:**
**BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY**
**AND FITNESS FOR PARTICULAR PURPOSE BY**
**STANDARD AERO INC., STANDARD AERO LIMITED AND ROLLS ROYCE**

35.     The allegations of paragraphs 1 through 34 of this Complaint are incorporated herein by reference.

36.     The Rolls-Royce Loaner Engine whose failure proximately caused the Louisiana crash on December 9, 2004, was leased by Plaintiff Aerial Solutions from Defendant Standard Aero Inc. on or about November 19, 2004.

37.     Due to defects in the Rolls-Royce Loaner Engine, including fatigue fractures in the compressor adapter coupling and the spur adapter gear shaft, the Rolls-Royce Loaner Engine was not fit for the ordinary purposes for which helicopter engines are used, breaching the implied warranty of merchantability contained in Article 2A of the Uniform Commercial Code, as stated in N.C.G.S. §25-2A-212.

38.     Standard Aero Inc. knew at the time the lease contract was made the particular purpose for which the Rolls-Royce Loaner Engine was required and that Aerial Solutions was relying on the skill or judgment of Standard Aero Inc. in furnishing a suitable Engine. Due to defects in the Rolls-Royce Loaner Engine, including fatigue fractures in the compressor adapter coupling and spur adapter gear, the Rolls-Royce Loaner Engine was unfit for the particular purpose for which it was used, breaching the implied warranty of fitness for a particular purpose contained in Article 2A of the Uniform Commercial Code, as stated in N.C.G.S. §25-2A-213.

11

39.     These breaches of the implied warranties of merchantability and fitness for particular purpose by Standard Aero Inc. and, to the extent Standard Aero Inc. was acting as the agent of Standard Aero Limited and/or Rolls-Royce, by Standard Aero Limited and Rolls-Royce, proximately caused the December 9, 2004, helicopter crash resulting in injuries to Charles Duke, a third-party beneficiary of such warranties, and damages to Aerial Solutions.

40.     Plaintiffs are entitled to damages against Standard Aero Inc. and, to the extent Standard Aero Inc. was acting as agent for Standard Aero Limited and/or Rolls-Royce, against Standard Aero Limited and Rolls-Royce, for Charles Duke's injuries and for Aerial Solutions' consequential and incidental damages, including damages for the loss of the Hughes Helicopter that crashed, clean-up costs, expenses for inspecting and overhauling the Rolls-Royce Model 250 engines in Aerial Solutions' remaining Hughes helicopters, and the loss of business income during the period of time such overhaul was taking place, pursuant to N.C.G.S. §25-2A-520.

## EIGHTH CAUSE OF ACTION: LOUISIANA PRODUCTS LIABILITY CLAIM AGAINST STANDARD AERO INC.

41.     The allegations of paragraphs 1 through 40 of this Complaint are incorporated herein by reference.

42.     Because Standard Aero Inc. was in the business of leasing helicopter engines on a temporary basis for an hourly use fee while performing repairs on customers' engines, it was a "Seller" as defined in the Louisiana Products Liability Act, including La. R.S. 9:2800.53(2) of the Louisiana Revised Statutes.

43.     Because Standard Aero Inc. was the "seller" of a product of its affiliated Canadian manufacturer, Standard Aero Limited, to the extent that the Rolls-Royce Loaner Engine had been remanufactured, reconditioned, and refurbished by Standard Aero Limited, Standard Aero Inc.

12

was also a "manufacturer" as defined by the Louisiana Products Liability Act, which provides in

La. R.S. 9:2800.53(l)(d) that "manufacturer" also means:

> A seller of a product of an alien manufacturer if the seller is in the business of importing or distributing the product for resale and the seller is the alter ego of the alien manufacturer. The court shall take into consideration the following in determining whether the seller is the alien manufacturer's alter ego: whether the seller is affiliated with the alien manufacturer by way of common ownership or control; whether the seller assumes or administers product warranty obligations of the alien manufacturer; whether the seller prepares or modifies the product for distribution; or any other relevant evidence. A "product of an alien manufacturer" is a product that is manufactured outside the United States by a manufacturer who is a citizen of another country or who is organized under the laws of another country.

44.    To the extent that Standard Aero Limited is liable to Plaintiffs as a manufacturer

under the Louisiana Products Liability Act and to the extent that Standard Aero Inc. is

determined to be the alter ego of Standard Aero Limited pursuant to the Louisiana Act, Standard

Aero Inc. is liable to Plaintiffs for injuries and damages proximately caused by Standard Aero

Limited's negligent inspection and replacement of the compressor engine and component parts in

the Rolls-Royce Loaner Engine in violation of the Louisiana Products Liability Act, as alleged in

paragraphs 26 through 30 of this Complaint, which are incorporated herein by reference, and/or

for injuries and damages proximately caused by Standard Aero Inc.'s own failure to use

reasonable care to provide an adequate warning of the dangerous characteristics of the Rolls-

Royce Loaner Engine, in violation of the Louisiana Products Liability Act, including La. R.S.

9:2800.57.

### NINTH CAUSE OF ACTION:  CONTINGENT PUNITIVE DAMAGES CLAIM AGAINST ROLLS-ROYCE, STANDARD AERO LIMITED AND STANDARD AERO INC.

45.    The allegations of paragraphs 1 through 44 of this Complaint are incorporated

herein by reference.

13

46. To the extent that the evidence discovered and presented in this action supports a claim for punitive damages against any Defendant, including the presence of an aggravating factor such as fraud, malice, or willful or wanton conduct on the part of any Defendant that is related to Plaintiffs' injuries and damages and that was participated in or condoned by the officers, directors, or managers of such Defendant, Plaintiffs are entitled to punitive damages against such Defendant pursuant to Chapter 1D of the North Carolina General Statutes.

WHEREFORE, Plaintiffs pray for the following relief:

1. That all issues of fact be determined by a jury; and

2. For judgment against the Defendants:

(a) For compensatory damages in excess of ten thousand dollars ($10,000.00) for Charles Duke's personal injuries, including medical expenses, pain and suffering, and permanent disability;

(b) For compensatory damages in excess of ten thousand dollars ($10,000.00) for Aerial Solutions, Inc.'s property and economic damages, including loss of its helicopter, clean-up costs, the cost of refitting its other Hughes helicopters, and loss of business income;

(c) To the extent that it is appropriate, for such punitive damages as may be allowed by law;

(d) For the costs of this action;

(e) For pre-judgment interest as provided by law; and

(f) For such other relief as the Court deems proper.

This the ___/___ day of December, 2005.

14

_____

Rodney Dean
N.C. Bar No. 5573


_____

Susan L. Hofer
N.C. Bar No. 29717

Dean and Gibson, LLP
301 S. McDowell Street, Suite 900
Charlotte, NC  28204
(704) 372-2700

*Attorneys for Plaintiff*

15

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that he is an attorney at law licensed to practice in the State of North Carolina, is attorney for Rolls-Royce Corporation and Rolls-Royce North America Inc., and is a person of such age and discretion as to be competent to serve process.

That on this the 30th day of December, 2005, he served a copy of the foregoing Notice of Removal by placing said copy in a postage prepaid envelope addressed to counsel of record hereinafter named, at the place and address stated below, by depositing said envelope and its contents in the United States Mail at Winston-Salem, North Carolina.

Rodney Dean, Esq.
Susan L. Hofer, Esq.
Dean and Gibson, LLP
301 South McDowell Street, Suite 900
Charlotte, NC 28204
Attorneys for Plaintiffs

Ned A. Stiles
Stiles Byrum & Horne
The Arlington, Suite 650
325 Arlington Avenue
Charlotte, North Carolina 28203
Attorney for Standard Aero Inc. and Standard Aero Limited

_____
Jack M. Strauch, N. C. State Bar No. 22341
Attorney for Rolls-Royce Corporation and Rolls-Royce North America Inc.
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an attorney at law licensed to practice in the State of North Carolina, is attorney for Rolls-Royce Corporation and Rolls-Royce North America Inc., and is a person of such age and discretion as to be competent to serve process.

That on this the 30th day of December, 2005, he served a copy of the foregoing NOTICE TO STATE COURT OF NOTICE OF REMOVAL by placing said copy in a postage prepaid envelope addressed to counsel of record hereinafter named, at the place and address stated below, by depositing said envelope and its contents in the United States Mail at Winston-Salem, North Carolina.

Rodney Dean, Esq.
Susan L. Hofer, Esq.
Dean and Gibson, LLP
301 South McDowell Street, Suite 900
Charlotte, NC 28204
Attorneys for Plaintiffs

Ned A. Stiles
Stiles Byrum & Horne
The Arlington, Suite 650
325 Arlington Avenue
Charlotte, North Carolina 28203
Attorney for Standard Aero Inc. and Standard Aero Limited

Jack M. Strauch, N. C. State Bar No. 22341
Attorney for Rolls-Royce Corporation and Rolls-Royce North America Inc.
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an attorney at law licensed to practice in the State of North Carolina, is attorney for Rolls-Royce Corporation and Rolls-Royce North America Inc., and is a person of such age and discretion as to be competent to serve process.

That on this the 30th day of December, 2005, he served a copy of the foregoing VERIFICATION OF FILING OF NOTICE TO STATE COURT OF NOTICE OF REMOVAL by placing said copy in a postage prepaid envelope addressed to counsel of record hereinafter named, at the place and address stated below, by depositing said envelope and its contents in the United States Mail at Winston-Salem, North Carolina.

Rodney Dean, Esq.
Susan L. Hofer, Esq.
Dean and Gibson, LLP
301 South McDowell Street, Suite 900
Charlotte, NC 28204
Attorneys for Plaintiffs

Ned A. Stiles
Stiles Byrum & Horne
The Arlington, Suite 650
325 Arlington Avenue
Charlotte, North Carolina 28203
Attorney for Standard Aero Inc. and Standard Aero Limited

_____
Jack M. Strauch, N. C. State Bar No. 22341
Attorney for Rolls-Royce Corporation and Rolls-Royce North America Inc.
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600

WINSTON 1176807v1