LIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV538-H

| | |
|---|---|
| CHARLES DUKE and<br>AERIAL SOLUTIONS, INC.,<br><br>    Plaintiffs,<br><br>vs.<br><br>ROLLS-ROYCE CORPORATION, ROLLS-<br>ROYCE NORTH AMERICA, INC.,<br>STANDARD AERO, INC., and STANDARD<br>AERO LIMITED,<br><br>    Defendants. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the following motions and memoranda:

1. The Plaintiffs' "Motion to Remand ..." (document #4) and "Brief in Support ..." (document #5), both filed January 17, 2006;

2. The Defendants Standard Aero Inc.'s and Standard Aero Limited's "Motion for Leave to File Formal Consent to Removal" (document #7) filed January 31, 2006;

3. "Defendants' Brief in Opposition to ... Motion to Remand and in Support of Motion for Leave to File Formal Consent to Removal" (document #9) filed January 31, 2006; and

4. "Plaintiffs' Reply ... [in Support of] Motion to Remand and in Response to Defendants' Motion for Leave to File Formal Consent to Removal" (document #10) filed February 8, 2006.

Defendants Standard Aero Inc. and Standard Aero Limited have not filed a Reply in support of their Motion for Leave to File Formal Consent to Removal, and the time for filing a reply brief has expired.

The parties' motions are now ripe for determination. Having carefully considered the

parties' arguments, the record, and the applicable authority, the undersigned will grant the Defendants' "Motion for Leave to File Formal Consent to Removal" and deny the Plaintiffs' "Motion to Remand," as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action arises from the December 9, 2004 crash of a helicopter owned by the Defendants Standard Aero, Inc., a Texas corporation, and Standard Aero Limited, a Canadian corporation (collectively "Standard"). At the time of the crash, the Plaintiff Aerial Solutions, Inc. ("Aerial"), a North Carolina corporation, had leased the helicopter from Standard to use in "aerial tree trimming" along a utility right-of-way, and it was piloted by Plaintiff Charles Duke, a Tennessee citizen.

The Plaintiffs allege that the crash occurred as the result of the sudden failure of a "loaner engine" belonging to Defendants Rolls-Royce Corporation and Rolls-Royce North America, Inc. (collectively "Rolls-Royce"), respectively Indiana and Virginia corporations, and that as a result, Mr. Duke sustained permanent personal injuries and Aerial incurred financial losses relating to the clean up of the crash site.

On December 1, 2005, the Plaintiffs filed this action in the Superior Court of Mecklenburg County, North Carolina, seeking to recover compensatory and punitive damages under theories of negligence, products liability, and breach of express and implied warranties. The Defendants agree that by December 9, 2005, each of them had been properly served with a Summons and copy of the Complaint.

On December 29, 2005, Jack M. Strauch, counsel for Defendant Rolls-Royce, spoke by telephone with Defendant Standard's counsel, Ned A. Stiles, to discuss removing the state court

action to federal court. The Plaintiffs do not dispute that Mr. Stiles informed Mr. Strauch that Standard consented to removal and, further, expressly authorized Rolls-Royce to notify the Court of Standard's consent. It is undisputed that Mr. Strauch promptly relayed to Plaintiffs' counsel the substance of his conversation with Mr. Stiles, that is, that <u>all</u> of the Defendants intended to remove the case to federal court.

On December 30, 2005, Defendant Rolls-Royce filed a Notice of Removal, alleging diversity jurisdiction as the grounds for federal subject matter jurisdiction. Although on its face, the Notice stated that only Rolls-Royce was removing the case, its also recited accurately that Defendant Standard consented to removal as well.

On January 17, 2006, the Plaintiffs filed their Motion to Remand.

On January 31, 2006, Defendant Standard filed its "Motion for Leave to File Formal Consent to Removal."

Collectively, the parties' motions present a single issue: whether having attempted to consent to removal through the Notice of Removal filed by co-Defendant Rolls-Royce, Defendant Standard should now be permitted to formally consent more than 30 days after service of the Summons and Complaint.[1]

The parties' Motions have been briefed as set forth above and are, therefore, ripe for determination.

## II. <u>DISCUSSION</u>

At the outset, the undersigned notes that the Plaintiffs' motion to remand is timely. <u>See</u> 28

---

[1] As the parties agree, the record clearly reflects that subject matter jurisidiction based on diversity of citizenship is otherwise proper, that is, the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.

3

U.S.C. § 1447(c) (motion to remand must be filed within 30 days of filing of notice of removal and the court shall order remand if removal was improper).

28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

In removing a case from state to federal court, the removing parties must comply with 28 U.S.C. § 1446(a) which provides:

A defendant or defendants desiring to remove any civil action from the state court ... shall file ... a notice of removal ... together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

It is well settled in the Fourth Circuit that in actions with multiple defendants, 28 U.S.C. §§ 1441 and 1446 require that <u>all</u> defendants join in or consent to the notice of removal within 30 days of their respective receipts of service of the Summons and Complaint. <u>Accord</u> <u>McKinney v. Board of Trustees of Mayland Community College</u>, 955 F.2d 924, 925 (4th Cir. 1992) (in cases with multiple defendants, each defendant must join petition for removal within thirty days of receiving service of process); <u>Creasy v. Coleman Furniture Corp.</u>, 763 F.2d 656, 660 (4th Cir. 1985); <u>Branch v. Coca-Cola Bottling Co. Consl.</u>, 83 F.Supp.2d 631, 634 (D.S.C. 2000); <u>Freeman v. Bechtel</u>, 936 F.Supp. 320, 325 (M.D.N.C. 1996); <u>and</u> <u>Aguiar v. Evans</u>, 607 F. Supp. 1418, 1419 (E.D. Va. 1985). Further, failure of even one defendant to timely join in the notice of removal is a fatal defect to federal jurisdiction requiring the case be remanded to state court. <u>See, e.g.</u>, <u>Prize Frize, Inc., v. Matrix</u>, 167 F.3d 1261 (9th Cir. 1999); <u>Cades v. H& R. Block, Inc.</u>, 43 F. 3d 869, 873 (4th Cir. 1994); <u>and</u> <u>McKinney</u>, 955 F.2d at 925.

The Plaintiffs have not cited, and the undersigned is unaware of, any binding authority

4

considering, much less mandating, the appropriate procedure for joining in a co-defendant's Notice of Removal. However, in deciding that a defendant's 30-day period did not begin to run on the earliest date of service upon any defendant, but rather upon service on that particular defendant, the Fourth Circuit Court of Appeals stated that general equitable principles were determinative. See McKinney, 955 F.2d at 927 ("[w]e do not think that Congress, in providing for removal to federal court, intended to allow inequitable results").

Moreover, district courts in this circuit have not required that each defendant sign the Notice of Removal, but rather that each defendant's consent must be made "officially and unambiguously," typically through filing a "Consent to Removal." Parker v. Johnny Tart Enterprises, Inc., 104 F.Supp.2d 581, 583 (M.D.N.C. 1999). Accord Branch, 83 F.Supp.2d at 634; Freeman, 936 F.Supp. at 325; and Aguiar, 607 F. Supp. at 1419.

The undersigned notes, however, that in similar contexts, it is the practice in this district to allow a party to indicate its unambiguous consent in an informal manner, such as counsel telephonically informing chambers' staff that his client consents to the allowance of a nondispositive motion filed by an opposing party. The Court also routinely relies on a party's counsel's report, as stated in a motion or letter, that co-counsel or even opposing counsel has given consent in a variety of contexts. Indeed, under the recently-implemented Case Management and Electronic Case Files system ("CM/ECF"), because a motion filed jointly on behalf of some or even all of the parties can be submitted by counsel for only one of them, the Court accepts that counsel's representation as to whether, which, and under what conditions the other parties join in the motion.

Applying these principles to the facts in this case, the Plaintiffs' Motion to Remand must be denied. It is obvious that Defendant Standard was attempting to comply with the consent to removal requirement when its counsel authorized co-counsel to report to the Court that his clients, in fact,

5

consented to removal. Indeed, based on the undisputed conversation between Mr. Stiles and Mr. Strauch, it would have been entirely proper for Mr. Strauch to have prepared and submitted the Notice of Removal on behalf of all Defendants and simply indicated that he had been authorized to do so. Finally, the Plaintiffs have not been prejudiced in any way, that is, they concede that prior to the expiration of the 30-day period, they had actual notice that all of the Defendants intended to remove this case. For these reasons, the Court will permit Defendant Standard to file a formal Consent to Removal and will continue to exercise diversity subject matter jurisdiction in this case, which, as the parties agree, is proper in all other respects.

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. The "Plaintiff's Motion to Remand" (document #4) is **DENIED**.

2. The Defendants Standard Aero Inc.'s and Standard Aero Limited's "Motion for Leave to File Formal Consent to Removal" (document #7) is **GRANTED**; <u>and on or before March 16, 2006, the subject Defendants shall file a formal "Notice of Consent to Removal."</u>

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: February 28, 2006

*/s/ Carl Horn, III*
Carl Horn, III
United States Magistrate Judge