IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV538-W

| | |
|---|---|
| CHARLES DUKE and <br> AERIAL SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ROLLS-ROYCE CORPORATION, ROLLS-ROYCE NORTH AMERICA, INC., STANDARD AERO, INC., and STANDARD AERO LIMITED, <br><br> Defendants. | ORDER STAYING PROCEEDINGS |

**THIS MATTER** is before the Court on the Plaintiffs' identical "Motion[s] ... to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation on Plaintiffs' Motion to Transfer ..." (documents ##35 and 42) and "Motion[s] for Extension of Time [to Respond to Defendants' Motion to Transfer Venue and Motion to Consolidate]" (document #37 and 41); and the parties' memoranda filed in support of and opposing those Motions.

This action arises from the December 9, 2004 crash of a helicopter owned by the Defendants Standard Aero, Inc., a Texas corporation, and Standard Aero Limited, a Canadian corporation (collectively "Standard"). At the time of the crash, the Plaintiff Aerial Solutions, Inc. ("Aerial"), a North Carolina corporation, had leased the helicopter from Standard to use in "aerial tree trimming" along a utility right-of-way, and it was piloted by Plaintiff Charles Duke, a Tennessee citizen.

The Plaintiffs allege that the crash occurred as the result of the sudden failure of a "loaner engine" belonging to Defendants Rolls-Royce Corporation and Rolls-Royce North America, Inc.

(collectively "Rolls-Royce"), respectively Indiana and Virginia corporations, and that as a result, Mr. Duke sustained permanent personal injuries and Aerial incurred financial losses relating to the clean up of the crash site.

This action is one of three pending federal lawsuits concerning these events; the other actions are <u>Aerial Solutions, Inc. v. Allison Engine Company, Inc.</u>, United States District Court for the Western District of North Carolina, File No. 3:07CV07, and <u>Duke v. Rolls Royce-Corp., et. al.</u>, United States District Court for the Southern District of Indiana, File No. 1:06CV1738.[1]

On January 26, 2007, the Plaintiffs filed a Motion to Transfer with the Judicial Panel on Multidistrict Litigation ("the Panel"), requesting that the federal actions be consolidated in this Court. A hearing on the Plaintiffs' Motion to Transfer is set for March 29, 2007.

On February 19, 2007, the Rolls-Royce Defendants filed a Motion to Transfer Venue and a Motion to Consolidate that if granted would have the opposite effect of the Plaintiff's Motion to the Panel, that is, Rolls-Royce seeks to transfer the two cases pending in this District to the Southern District of Indiana and consolidate them with the single action pending in that forum.

On February 20 and 26, 2007, respectively, Plaintiff Duke and Plaintiff Aerial filed their Motions to Stay this action, including ruling on Rolls-Royce's Motions, and Motions to Extend their time to respond to those Motions until after the Panel rules on the Plaintiffs' earlier-filed Motion to Transfer.

Rolls-Royce has filed briefs in opposition to the Plaintiffs' Motions. Defendant Standard has not filed a formal response to those Motions, and counsel for Standard has informed chambers' staff telephonically that his client takes no position concerning those Motions, that is, Defendant Standard neither opposes nor consents to the Plaintiffs' Motions to Stay and to Extend.

---

[1] The parties have also informed the Court that there is a related action pending in Indiana state court.

The parties agree that whether to stay this action in favor of awaiting a decision from the Panel is within the Court's broad discretion. Moreover, courts considering the issue routinely enter a stay pending a ruling from the Panel. Accord Rivers v. The Walt Disney Company, 980 F. Supp. 1358, 1360 (C.D. Ca. 1997).[2]

In order to avoid the issuance of potentially contradictory rulings by the Panel and this Court and to promote judicial efficiency, and recognizing that the Plaintiffs' Motion to Transfer was filed before the Defendant Rolls-Royce's Motions to Transfer Venue and to Consolidate, the Court will exercise its discretion and stay this action pending the Panel's ruling on the Plaintiffs' Motion to Transfer.

**NOW, THEREFORE, IT IS ORDERED:**

1. The Plaintiffs' "Motion[s] ... to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation on Plaintiffs' Motion to Transfer ..." (documents ##35 and 42) are **GRANTED** and this matter is **STAYED** pending a ruling on the Plaintiff's Motion to Transfer to the Judicial Panel on Multidistrict Litigation.

2. The Plaintiffs' "Motion[s] for Extension of Time [to Respond to Defendants' Motion to Transfer Venue and Motion to Consolidate]" (document #37 and 41) are **GRANTED** and to the extent that the Defendants' Motion to Transfer Venue and Motion to Consolidate are not rendered moot by the ruling of the Judicial Panel on Multidistrict Litigation, the Plaintiffs shall file their responses to those Motions fourteen (14) days after the Judicial Panel on Multidistrict Litigation

---

[2] Although recognizing that unpublished decisions have no precedential value, the undersigned notes that there are numerous unpublished district court opinions entering stays under nearly identical circumstances to those present here. See, e.g., Knearam v. Bayer Corporation, 2002 LEXIS 9523 (D. Kan. 2002); American Seafood v. Magnolia Processing, Inc, 1992 WL 102762 (E.D. Pa. 1992); Arthur-Magna, Inc. v. Del-Val Finance Corp., 1991 WL 13725 (D.N.J. 1991); and Portnoy v. Zenith Laboratories, 1987 WL 10236 (D.D.C. 1987).

issues its ruling on the Plaintiffs' Motion to Transfer.

3. The Clerk is directed to send copies of this Order Staying Proceedings to counsel for the parties; to the Honorable Frank D. Whitney; and to the Judicial Panel on Multidistrict Litigation.

**SO ORDERED.**

Signed: February 28, 2007

Carl Horn, III
United States Magistrate Judge