IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| CHARLES E. DUKE and<br>AERIAL SOLUTIONS, INC., | )<br>)<br>) | CIVIL ACTION |
| Plaintiffs, | )<br>) | |
| v. | )<br>)<br>) | NO.: 3:05-CV-538<br>(Related to Case No. 3:07-cv-0007) |
| ROLLS ROYCE CORPORATION<br>ROLLS ROYCE NORTH AMERICA, INC.<br>STANDARD AERO INC., and<br>STANDARD AERO LIMITED , | )<br>)<br>)<br>)<br>) | |
| Defendants | )<br>) | |
| AERIAL SOLUTIONS, INC., | )<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>)<br>) | |
| ALLISON ENGINE COMPANY, INC.<br>d/b/a ROLLS-ROYCE ALLISON;<br>ALLISON ENGINE COMPANY;<br>GENERAL MOTORS CORPORATION;<br>and GENERAL MOTORS CORPORATION<br>GAS TURBINE DIVISION. | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**DEFENDANTS ROLLS ROYCE CORPORATION, ALLISON ENGINE COMPANY, INC. d/b/a ROLLS-ROYCE ALLISON, ALLISON ENGINE COMPANY, ROLLS ROYCE NORTH AMERICA, INC. AND GENERAL MOTORS CORPORATION AND GENERAL MOTORS CORPORATION GAS TURBINE DIVISION'S RULE 26(a)(1) INITIAL DISCLOSURES**

Defendants Rolls-Royce Corporation, sued herein as Rolls Royce Corporation, Rolls Royce North America, Inc.; Allison Engine Company, Inc. d/b/a Rolls-Royce Allison; and Allison

1

Engine Company, (collectively, "RRC"); and Defendant General Motors Corporation, sued herein as "General Motors Corporation, General Motors Corporation, Allison Gas Turbine Division," ("GM"); these Defendants (collectively, the "Allison Defendants" or "Allison"), provide the following initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1). Allison may need to supplement these disclosures as a result of discovery received from plaintiff, co-defendants, as a result of matters learned during discovery, or as a result of rulings by the Court.

**Rule 26(a)(1)(A). The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:**

Because discovery and Allison's investigation have only recently begun, Allison cannot identify all witnesses who may have knowledge of facts relevant to the subject matter of this action. The following is a list of the witnesses of whom Allison is aware that may have relevant knowledge:

-- *Charles E. Duke* (plaintiff) – may have knowledge concerning the facts and circumstances of the accident, plaintiff's alleged injuries, alleged damages and evidence supporting his claims against Allison. Mr. Duke may be contacted through his counsel.

-- *Representatives of Standard Aero, including but not limited to Doug Roberge, Brian Hughes, Scott Kern, Brent Junkin, Wayne Thomas, Tom Roche, Ralph Eschenwecker, Kerry Boucher, Peter Novy, Greg Parsons, Jason Campbell, Daniel Junkman and Jon Stieglitz* (defendant) – may have knowledge concerning the facts and circumstances regarding the subject accident, investigation regarding the accident and the installation, maintenance, overhaul, repair,

2

or service of the subject engine involved in the accident. Defendant may be contacted through its counsel.

-- *Representatives of Southeast Helicopters, including, but not limited to John V. Corley, Philip Hutto and Leroy Henry* – may have knowledge concerning the facts and circumstances regarding the subject accident and investigation regarding the accident and the installation, maintenance, shipping, overhaul, repair or service of the subject engine involved in the accident. Defendant may be contacted through its counsel.

-- *Representatives from Allison* (defendant) – may have knowledge concerning the Allison Model 250 engine and its components (including the compressor adapter coupling) – in support of defense by Allison that the part that allegedly failed is not defective. Testimony is also expected regarding its investigation of the subject accident and inspection of the helicopter and/or its components. Allison can be contacted through its counsel in this case, Daniel Stephenson or Brittany Schultz.

1. *Rick Thorpe* is an air safety investigator at Rolls Royce Corporation. He may testify regarding his investigation of the subject accident.

2. *J. Ronald Roessler* is an engineer at Rolls Royce Corporation. He may testify regarding his knowledge of the engine in the helicopter involved in the accident.

3. *Jim Skinner* is a manager at Rolls Royce Corporation and was a former Model 250 Engine Chief Project Engineer. He may testify regarding his knowledge of the engine in the helicopter involved in the accident.

4. *Barry Rohm* is a retired employee of Rolls Royce Corporation and was the former Engineering Director of Product Assurance. He may testify regarding his knowledge of the engine in the helicopter involved in the accident.

5. *Gary Souza* is the Model 250 Engine Chief Project Engineer at Rolls Royce Corporation. He may testify regarding his knowledge of the design, manufacture, and development of the engine in the helicopter in the accident.

6. *Ross Belloni* is the Model 250 Product Chief at Rolls Royce Corporation. He may testify regarding his knowledge of the design, manufacture, and development of the engine in the helicopter in the accident.

7. *Ted McKain* is the former Model 250 Manager of Product Airworthiness at Rolls Royce Corporation. He may testify regarding his knowledge of the design, manufacture, and development of the engine in the helicopter in the accident.

8. *Norm Egbert* is the Vice President of Engineering at Rolls Royce Corporation. He may testify regarding his knowledge regarding the design, manufacture, and development of the engine in the helicopter in the accident.

9. *Tom Piercy* is an employee of Rolls Royce Corporation. He may testify regarding his knowledge of the design, manufacture, and development of the engine in the helicopter in the accident.

10. *Wayne Hepfer* is a retired Failure Analyst of Rolls Royce Corporation. He may testify regarding his knowledge of the design, manufacture, and development of the engine in the helicopter in the accident.

11. *Brian Stevenson* is a former Design Chief Engineer for the Model 250 engine at Rolls Royce Corporation. He may testify regarding his knowledge regarding the design, testing, manufacture, and development of the engine in the helicopter in the accident.

12. *Greg Manning* is a former Design Engineer at Rolls Royce Corporation. He may testify regarding his knowledge regarding the design, testing, manufacture, and development of the engine in the helicopter in the accident.

13. *John Michael* is a Model 250 Safety engineer at Rolls Royce Corporation. He may testify regarding his knowledge of the design, manufacture, testing and development of the engine in the helicopter in the accident.

14. *Craig Heathco* is a former Chief Designer of Model 250 Engines at Rolls Royce Corporation. He may testify his knowledge of the design, manufacture, maintenance and development of the engine in the helicopter in the accident.

15. *Don Risser* is a DER at Rolls Royce Corporation. He may testify regarding his knowledge of the approval of the design, manufacture, and development of the engine in the helicopter in the accident.

16. *Jeff Higbie* is a Design Engineer at Rolls Royce Corporation. He may testify regarding his investigation of the compressor adapter coupling and his knowledge regarding the design, manufacture, testing and development of the engine in the helicopter in the accident.

17. *Bill Gerhart* is a retired former Manager of Customer Support at Rolls Royce Corporation. He may testify regarding engine maintenance and installation procedures of the engine in the helicopter in the accident.

18. *Jeff Edwards* is an accident investigation Manager at Rolls Royce Corporation. He may testify regarding his investigation of the subject accident.

19. *John Andrews* is a retired former DER at Rolls Royce Corporation. He may testify regarding his knowledge regarding the approval of design, manufacture, and development of the engine in the helicopter in the accident.

20. *Robert Higbie* is a former Design Engineer at Rolls Royce Corporation. He may testify regarding the compressor adapter coupling and his knowledge regarding the design, manufacture, and development of the engine in the helicopter in the accident.

21. *Mark Winely* is a Chief Design Engineer at Rolls Royce Corporation. He may testify regarding the subject compressor adapter coupling and his knowledge regarding the design, manufacture, and development of the engine in the helicopter in the accident.

22. *Al Cookerly* is a Chief Design Engineer at Rolls Royce Corporation. He may testify regarding the compressor adapter coupling and his knowledge of the design, manufacture, and development of the engine in the helicopter in the accident.

23. *Sally Randall* is the former Chief Project Engineer for Model 250 engines at Rolls Royce Corporation. She may testify regarding the subject compressor adapter coupling and her knowledge of the design, manufacture, and development of the engine in the helicopter in the accident.

24. *Mike Haerr* is a Chief Airworthiness Engineer at Rolls Royce Corporation. He may testify regarding the subject compressor adapter coupling and his knowledge regarding the design, manufacture, and development of the engine in the helicopter in the accident.

25. *Andrew Maasch* is a Maintenance Repair and Overhaul Network Executive at Rolls Royce Corporation. He may testify regarding his knowledge regarding the design, manufacture, and development of the engine in the helicopter in the accident.

26. *Julie Holland* is a Chief Project Engineer at Rolls Royce Corporation. She may testify regarding her knowledge of the design, manufacture, and development of the engine in the helicopter in the accident.

27. *Mike Spratt* is a Chief Design Engineer at Rolls Royce Corporation. He may testify regarding his knowledge of the design, manufacture, maintenance and development of the Model 250 engine.

28. *Rege Hall* is a Manager of Customer Support at Rolls Royce Corporation. He may testify regarding his knowledge of the design, manufacture, maintenance and development of the Model 250 engine.

29. *Tim McGrath* is a Director, Sales Helicopters and Small Gas Turbines at Rolls Royce Corporation. He may testify regarding his knowledge of the sales and marketing of the Model 250 engine.

30. *Jeff White* is an Assistant, Chief Design Engineer at Rolls Royce Corporation. He may testify regarding his knowledge regarding the design, manufacture, and development of the Model 250 engine.

31. *Kevin Griggs* is a Regional Manager at Rolls Royce Corporation. He may testify regarding his knowledge of the maintenance, design, manufacture, and development of the Model 250 engine.

32. *Bill Rogers* is a Development Program Engineer at Rolls Royce Corporation. He may testify regarding his knowledge of the design, manufacture, and development of the Model 250 engine.

33. *Mary Lee Gambone* is a Chief Engineer of Materials, Processes and Repairs. She may testify regarding her knowledge of the design, manufacture, and development of the Model 250 engine.

34. *Robert Ketchum* is a Senior Air Safety Investigator at Rolls Royce Corporation. He may testify regarding his investigation of Model 250 incidents.

35. *Sue Murray* is a Director of Technology at Rolls Royce Corporation. She may testify regarding her knowledge of the design, manufacture, and development of the Model 250 engine.

36. *Nick Cherolis* is a Technical Lead of Failure Analysis at Rolls Royce Corporation. He may testify regarding his investigation and knowledge regarding the design, manufacture, and development of the Model 250 engine.

37. *Susan Watkin* is a former Model 250 Chief Project Engineer at Rolls Royce Corporation. She may testify regarding her knowledge of the design, manufacture, and development of the Model 250 engine.

38. *Robin Parsley* is a Model 250 Service Engineer at Rolls Royce Corporation. She may testify regarding her knowledge of the design, manufacture, service and development of the Model 250 engine.

39. *Ben Kesler* is a Regional Support Manager at Rolls Royce Corporation. He may testify regarding his knowledge of the maintenance, design, manufacture and development of the Model 250 engine.

40. *Ben Doll* is a System Safety engineer at Rolls Royce Corporation. He may testified regarding his knowledge of the design, manufacture and development of the Model 250 engine.

41. *J.H. Mills* is a former Rolls Royce Corporation employee. He may testify regarding his knowledge of the Model 250 engine.

42. *K.H. Ryan* is a retired Rolls Royce Corporation Failure Analyst. He may testify regarding his knowledge of the Model 250 engine.

43. *Fred Holdcroft* is a former Rolls Royce Corporation employee. He may testify regarding his knowledge of the Model 250 engine.

44. *Myra Whitaker* is a DLA Team Lead at Rolls Royce Corporation. She may testify regarding her knowledge of warranty processes and procedures pertaining to the Model 250 engine.

45. *Michael Weber* is a Senior Air Safety Investigator at Rolls Royce Corporation. He may testify regarding his knowledge and investigation of the Model 250 engine.

46. *Richard McCrockin* is a Business Development Lead-Operations at Rolls Royce Corporation. He may testify regarding his knowledge of the Model 250 engine.

-- *Representatives of Air Salvage of Dallas,* (non-party) – may testify regarding any inspections, maintenance, repairs on the subject helicopter and/or its component parts, including the compressor adapter coupling.

-- *Representatives of The Boeing Company, including Adrian Booth* (non party) – may testify regarding any inspections, maintenance, repairs on the subject helicopter and/or its component parts, including the compressor adapter coupling.

-- *Representatives from AERO Maritime*, Mesa, AZ, including Chuck Hagen – may have knowledge concerning the facts and circumstances and investigation regarding the accident and the installation, maintenance, shipping, overhaul, repair or service of the subject engine involved in the accident.

-- Representatives of Aerial Solutions, Inc. including but not limited to Ted McAllister, William C. Cox, II, William C. Cox, III, Alan Harrison, Emily Webber, Callie Markovsky, Bruce Dyches, Heather White, Brian Lacks and Dave Feldman and other Aerial Solutions helicopter pilots – may testify regarding the overall corporate structure and business of Aerial Solutions and concerning the subject helicopter and its components parts that were maintained and/or serviced by Aerial Solutions. Representatives may also testify regarding the facts and circumstances of the accident and Mr. Duke's employment with Aerial Solutions. Aerial Solutions may be contacted through its counsel.

-- *All persons having examined the helicopter or the engine or compressor adapter coupling in question after the incident of December 9, 2004, to the present* – may testify concerning the helicopter, the engine or compressor adapter coupling and the action being taken by plaintiff at the time the alleged incident occurred. A representative from Allison, Rick Thorpe, examined and photographed the helicopter and its component parts after the accident. Allison also understands that a representative from the NTSB, Standard Aero, Aerial Solutions and The Boeing Company examined the helicopter and its component parts.

-- *Representatives of the National Transportation Safety Board, Federal Aviation Administration or any other agency of federal government which investigated the accident of December 9, 2004, including James R. Coppitt (FAA), James E. Allen (FAA), Richard Litka (FAA), Frank McGill (NTSB Investigator In-Charge), Josh Cawthra (NTSB), Lindsey Cunningham (NTSB) and J. Cawthra, (Government Investigator), William R. Rossey, Jr. (materials engineer)* – may testify regarding the details of the accident, accident damage, and the alleged fracture of the compressor adapter coupling. The addresses of NTSB and FAA are available to the public.

*-- Representatives of the police, sheriff, fire and emergency medical services that responded to or investigated the accident of December 9, 2004, including but not limited to the East Baton Rouge Sheriff's Department, Pride Fire Department and/or Chief Tucker, Louisiana State Police Haz Mat Team, Baton Rouge Airport Police, Zachary Police Department and Baton Rouge EMS* – may testify concerning the details of the accident, accident damage, injuries to plaintiff, damage to the helicopter and plaintiff's damages. Allison does not know at this time whether persons from the local police, sheriff or fire departments responded to this accident, but, if so, Allison expects their identities to be revealed in discovery.

*-- Candice Duke* (non-party) – may have knowledge concerning the facts and circumstances of the accident and/or plaintiff's alleged injuries, alleged damages and evidence supporting Mr. Duke's claims against Allison.

*-- Any and all witnesses who provided helicopter/aerial saw training to Charles Duke;*

*-- Any and all witnesses who provided medical care for Charles Duke;*

*-- Any and all witnesses designated by the other parties in their disclosures or during discovery;* and

*-- Custodians of records as required to establish evidentiary foundations.*

At this time, Allison does not have enough information to determine all of individuals who might be witnesses in this action. Allison reserves the right to amend or modify this list as Allison continues to investigate this case and continues discovery.

**Rule 26(a)(1)(B) Documents and Things. A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

Many of the following documents and other evidentiary materials, or copies thereof, may be obtained at Dykema Gossett, PLLC, 39577 Woodward Avenue, Suite 300, Bloomfield Hills, Michigan 48304, counsel for Allison. Other documents may be obtained through public information sources or though counsel for the parties. In addition, given the early stage in this case, some of the documents were generically identified and are not currently in the possession of Allison.

1. NTSB Materials Laboratory Factual Report No. 05-026;

2. Pilot/Operator Aircraft Accident Report, NTSB Form 6120.1;

3. NTSB Factual Report, DFW05FA032;

4. Any and all documents related to the design and operation of the compressor adapter coupling and/or shafting system on Model 250 C20 engines;

5. Any and all documents related to the investigation of failures of the compressor adapter coupling on Model 250 C20 engines;

6. All correspondence between and among Standard Aero and Rolls-Royce concerning the compressor adapter coupling and/or shafting system on Model 250 C20 engines and/or operational parameters;

7. Any and all reports and supporting documents, materials and files of expert witnesses;

8. The subject helicopter pilot ground and flight procedures training manual;

9. Any and all documents relating to overhauls of the engine bearing serial number CAE 270419;

10. Any and all documents relating to the use of the engine bearing serial number CAE 270419 prior to its installation in the subject helicopter that is the subject of this lawsuit;

11. Any and all documents or records regarding any testing performed on the shafting system components on the Model 250 C20 engine;

12. Documents related to the training, qualifications and experience of Aerial Solutions' pilots;

13. Any and all documents produced by Allison;

14. Any and all documents produced by Plaintiff Standard Aero, Southeast Helicopters and/or Aerial Solutions, whether formally through disclosure and discovery or informally;

15. RRC Engine Investigation Report;

16. RRC Metallurgical Investigation Report, 05FA8-131;

17. RRC Accident Report (Red Top). A/I-2004-156;

18. RRC Accident Follow Up Report A/I-2004-156;

19. Certificate of Conformance of CAE 270419;

20. Model 250 Engine Allison Aircraft Delivery Report for CAE 270419;

21. Packing Room Check Sheet for Engine CAE 270419;

22. Packing Room Check Sheet for Gearbox S/N 27421;

23. Packing Room Check Sheet for Turbine Unit S/N 25134;

24. Packing Room Check Sheet for Compressor Unit S/N 41685;

25. Interoffice Memorandum regarding Accident Mexico – Procuraduria General De La Republica, CAE 270419;

26. Model 250 Report dated 11/3/94;

27. Modification Record, Engine Assembly records for CAE 270419;

28. Service Records for Engine CAE 270419;

29. Commercial Service Letter CSL-A-1143;

30. Commercial Service Letter 1236;

31. Commercial Engine Bulletin 1392;

32. Commercial Service Letter 1238;

33. Box Fax 03AMC025;

34. Diagrams of compressor adapter couplings;

35. Commercial Engine Bulletin 1325;

36. PMI B0014;

37. AEM CW-113412;

38. AEM CW-116043;

39. Test Request AW 0200-51-501;

40. Engine Maintenance Records for CAE 270419;

41. Overhaul Manual for Model 250 engines;

42. Illustrated Parts Catalog for Model 250 engines;

43. Operation and Maintenance Manual for Model 250 engines;

44. RRC will also produce the materials that were gathered and produced in the *Thomas/Laughman v. Extex* matter subject to entry of a protective order. GM/RR 00001-009736;

45. Statement of Compliance with the FAR DERY-410114-CE-9071;

46. FAA Notice of Proposed Rulemaking, 14 CFR 39, FAA Docket No. FAA-2004-18515;

47. FAA Airworthiness Directive No. 2004-26-09;

48. Special Airworthiness Information Bulletin, NE-04-58 from Aircraft Certification Service, Washington, D.C., U.S. Department of Transportation, FAA;

49. Federal Aviation Regulations;

50. FAA Advisory Circular 20-62D;

51. The compressor adapter coupling and any alleged defective component(s);

52. The engine and/or compressor adapter coupling inspection and maintenance records, if available;

53. Any records of the incident, including reports, investigations, photographs or other correspondence from Standard Aero, Southeast Helicopters, NTSB and/or Aerial Solutions;

54. Any medical records and/or reports regarding Charles Duke dated before and after the December 9, 2004 accident. These documents are presumed to be under Plaintiff's control;

55. Photographs of the helicopter and component parts, including the compressor adapter coupling reflecting its condition before and after the incident on December 9, 2004;

56. Notes or recordings from examinations of the helicopter and its component parts after the incident of December 9, 2004, if any;

57. Charles Duke's employment file;

58. FAA airman certification records and Regulatory Support Division records regarding Charles Duke;

59. FAA mechanic licensing documents pertaining to Mr. Duke;

60. Witness statements, if any. Allison currently has no witness statements concerning the incident of December 9, 2004;

61. Aerial Solutions Aerial Tree Trimming Brochure;

62. ANSI Standard A300 (2000) - "Tree, Shrub, and Other Woody Plant Maintenance - Standard Practices (Pruning);"

63. ANSI Standard Z133;

64. FAA Advisory Circular - AC 133-1A - External Load Operations; and

65. The flight manual for the subject helicopter.

Allison will not disclose otherwise confidential, proprietary, non-exportable and protected documents, except pursuant to a court-approved protective order.

**Rule 26(a)(1)(C). A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary materials, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

Not applicable.

**Rule 26(a)(1)(D). Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

Allison has sufficient insurance coverage for any judgment that may be rendered.

Allison reserves the right to supplement these disclosures as additional information becomes available.

                            DYKEMA GOSSETT PLLC

                            By:   s/ Brittany M. Schultz_____
                            Daniel J. Stephenson (*admitted pro hac vice*)
                            Lauren L. London (*admitted pro hac vice*)
                            2723 South State Street, Suite 400
                            Ann Arbor, MI 48104
                            Telephone:  (734) 214-7660
                            Fax:  (734) 214-7696
                            Email: dstephenson@dykema.com
                                      llondon@dykema.com

                            Brittany M. Schultz (*admitted pro hac vice*)
                            DYKEMA GOSSETT PLLC
                            39577 Woodward Avenue, Suite 300
                            Bloomfield Hills, MI  48304-2820
                            Phone: (248) 203-0802
                            Fax:  (248) 203-0763
                            Email: bschultz@dykema.com

and

Jack M. Strauch
Andrew L. Fitzgerald
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, NC  27101
Phone:(336)721-3656
Fax: (336) 733-8418
Email:  JStrauch@wcsr.com


*Attorneys for Allison Defendants*

**CERTIFICATE OF SERVICE**

  I, Brittany M. Schultz, do hereby certify that on June 15, 2007, I served a copy of the foregoing on the attorneys listed below either by e-filing or mailing accordingly, this 15th day of June, 2007:


Rodney A. Dean, Esquire
Susan L. Hofer, Esquire
Dean & Gibson, LLP
Cameron Brown Building, Suite 900
301 South McDowell Street
Charlotte, NC  28204-2686

Richard E. Genter, Esq.
610 Old York Road
Suite 200
Jenkinstown, PA  19046

D. Bruce Kehoe, Esquire
Christopher G. Stevenson, Esquire
Wilson Kehoe & Winingham
2859 North Meridian Street
Indianapolis, IN  46208

Daniel J. Stephenson, Esquire
Dykema Gossett PLLC
2723 South State Street, Suite 400
Ann Arbor, MI  48104

Ned A. Stiles, Esquire
Sarah B. Crotts, Esquire
STILES BYRUM & HORNE
The Arlington, Suite 650
325 Arlington Avenue
Charlotte, NC  28203

Edward J. McMurrer, Esquire
Timothy P. Welch, Esquire
MENDES & MOUNT, LLP
750 Seventh Avenue
New York, NY  10019

Jack M. Strauch, Esquire
Andrew L. Fitzgerald, Esquire
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, NC 27101

Joseph H. Yeager, Jr., Esquire
Adrienne F. Busby, Esquire
BAKER & DANIELS LLP
300 North Meridian Street
Suite 2700
Indianapolis, IN 46204

Richard L. Norris, Esquire
Matthew W. Melton, Esquire
NORRIS CHOPLIN & SCHROEDER, LLP
101 West Ohio Street, 9th Floor
Indianapolis, IN 46204-4213

Steven E. Springer, Esquire
Nicholas E. Levi, Esquire
KIGHTLINGER & GRAY, LLP
151 North Delaware Street, Suite 600
Indianapolis, IN 46204

          DYKEMA GOSSETT PLLC

          By: : s/ Brittany M. Schultz_____
          Brittany M. Schultz
          (*admitted pro hac vice*)
          39577 Woodward Avenue, Suite 300
          Bloomfield Hills, MI 48304-2820
          Phone: (248) 203-0802
          Fax: (248) 203-0763
          Email: bschultz@dykema.com

          *Attorneys for the Allison Defendants*

BH01\766612.1
ID\BMS