IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CHARLES E. DUKE and <br> AERIAL SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROLLS ROYCE CORPORATION <br> ROLLS ROYCE NORTH AMERICA, INC. <br> STANDARD AERO INC., and <br> STANDARD AERO LIMITED , <br><br> Defendants | CIVIL ACTION NO.: 3:05-CV-538 <br> (Related to Case No. 3:07-cv-0007) <br><br> **STIPULATED PROTECTIVE ORDER** |
| AERIAL SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALLISON ENGINE COMPANY, INC. <br> d/b/a ROLLS-ROYCE ALLISON; <br> ALLISON ENGINE COMPANY; <br> GENERAL MOTORS CORPORATION; <br> and GENERAL MOTORS CORPORATION <br> GAS TURBINE DIVISION. <br><br> Defendants. | |

# **STIPULATED** PROTECTIVE ORDER

The plaintiffs, Aerial Solutions, Inc. and Charles Duke ("plaintiffs") and the defendants, Rolls Royce Corporation, Rolls Royce North America, Inc., Allison Engine Company, Inc. d/b/a Rolls-Royce Allison; Allison Engine Company (collectively, "Rolls-Royce"); and General Motors Corporation; and General Motors Corporation, Allison Gas Turbine Division (collectively, "General Motors"); and Standard Aero, Inc. and Standard Aero Limited are parties to the captioned litigation, and each believes that in this action they will or may be required to disclose proprietary and/or confidential information relating to the subject matter of this litigation. The parties desire to protect such information that they believe in good faith may constitute confidential and proprietary information. In addition, the parties reserve the right to object to any third party subpoenas that seeks to disclose confidential information.

Accordingly, upon joint motion of the parties and good cause shown pursuant to Federal Rule of Civil Procedure 26(c) and Western District of North Carolina Local Rule 5.1(D)(3), the Court enters the following Stipulated Protective Order:

I.  PURPOSE AND SCOPE OF STIPULATED PROTECTIVE ORDER

1.1     Discovery in this action is anticipated to involve the disclosure of proprietary information, trade secrets, or confidential research and development data or commercial information of parties and nonparties.  This Stipulated Protective Order is therefore entered pursuant to Federal Rule of Civil Procedure 26(c), to protect material entitled to be kept confidential, and to ensure that protection is afforded only to materials so entitled.  In particular, the parties anticipate that discovery may require the disclosure of (1) material subject to confidentiality or non-disclosure agreements between one or more of the defendants and a third party and/or (2) sensitive technical information related to the design, manufacture, testing, installation, alignment, modification, or repair of gas turbine engines.

I.1     Information designated as "Confidential," as defined below in Paragraph II, means documents that would disclose: (a) information that one or more of the parties is obligated to treat as confidential pursuant to contracts with non-parties; (b) proprietary information central to the business dealings of any of the parties; and (b) "trade secrets" of any of the parties.  A "trade secret" is defined as information that includes a formula, pattern, compilation, program, device, method, technique, or process, that:

>   (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
>
>   (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

The parties agree that trade secrets include, but are not limited to (a) design blueprints and drawings, manufacturer's drawings, processes or specifications, and other technical information involving gas turbine engines, including but not limited to Model 250 turboshaft engines; (b)

design blueprints and drawings, manufacturer's specifications, and other technical information for component parts of gas turbine engines, including but not limited to their compressor assembly; (c) any training or operations manuals for gas turbine engines and their component parts; and (d) information regarding any tests performed or research conducted regarding gas turbine engines and their relevant components. All of this information is the subject of reasonable efforts of secrecy by the respective parties. The parties dedicate enormous economic and non-economic resources to developing, designing, manufacturing, testing, installing, aligning, repairing, and maintaining gas turbine engines. The public disclosure of this type of proprietary information and trade secrets, therefore, would give competitors an opportunity to impede the parties' efforts to improve or increase their position in the marketplace and cause the defendants great economic harm. And, there is no overriding public need for access to the information and documents over which the defendants seek to maintain their respective confidentiality.

I.2    The parties agree that these documents and information, and such other documents and information as may be designated as Confidential Information by the parties pursuant to this agreement, should be given the protection of an order of this Court to prevent potential or claimed irreparable harm through disclosure to persons other than those persons involved in the prosecution or defense of this litigation who are defined in Paragraph V below. The parties further agree that such documents and information shall be used only for the purpose of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available or distributed in any way to anyone except the individuals defined in Paragraph V below. This Stipulated Protective Order shall not constitute a waiver of confidentiality with respect to any documents not specifically identified in this Stipulated Protective Order. To the

extent that the parties wish to disclose documents and/or information that may not be protected by this Stipulated Protective Order, the parties reserve the right to file an agreement with the Court stipulating to the confidentiality of the specific documents and/or information.

II. <u>DEFINITIONS</u>

    II.1    The terms defined in this Paragraph 2.1 (and, parenthetically, elsewhere) shall, throughout this Order, have the meanings here (and there) provided. Defined terms may be used in the singular or in the plural.

    II.1 1    "Designating Party" means the party or non-party designating any information which it either produces, is asked to produce or whose information is sought from or produced by any other person, as "Confidential."

    II.12    "Receiving Party" means the party receiving or requesting production of Confidential Information.

    II.1 3    "Confidential Information" means (a) any information, whether or not embodied in any physical medium, used (or commercially scheduled to be used) by the Designating Party in or pertaining to its trade or business that the Designating Party believes in good faith is not generally known in the Designating Party's trade or (b) is of a particularly competitively sensitive nature and is not known to the Receiving Party. Any summary, compilation or copy of any Confidential Information shall also constitute Confidential Information.

    II.1 4    "Termination" means the dismissal, whether with or without prejudice, or settlement of an action, or entry of final judgment in an action and the expiration of all periods of time to appeal or seek judicial review of such judgment.

III. SCOPE AND INTERPRETATION OF THIS ORDER

  III.1 This Order shall be applicable to, and shall govern: (a) all requests for production of documents and things; (b) depositions; (c) interrogatories; (d) requests for admissions; (e) any other discovery; (f) court filings; and (g) any other letters, communications, mailings or other exchanges of information or presentation of evidence in this action not otherwise identified by the preceding descriptions in this Paragraph. With respect to the use of confidential information at trial or on appeal, the parties shall meet and confer at least thirty (30) days beforehand to attempt to agree upon appropriate procedures that are consistent with the provisions of this Stipulated Protective Order regarding confidentiality. The procedures to be used will be subject to court approval.

  III.2 This Order shall not be construed: (a) to prevent or to authorize any party or its respective counsel from using, in the ordinary course of its business, information that falls within the definition of Confidential Information under Paragraph 2.1.3, which information was in its possession, independently of receipt of the information from the Designating Party, prior to entry of this Order or prior to the designation of that information as Confidential Information by the Designating Party pursuant to this Order; (b) to apply to information that is or becomes publicly known through no fault of the Receiving Party; or (c) to apply to information that the Receiving Party (or its counsel) has, prior or subsequent to the date of receipt of the information from the Designating Party, obtained from a third party, as to whom the Receiving Party (or its counsel) has, no reasonable basis to believe that the third party is in breach of any duty of confidence to the Designating Party with respect to that information or shall independently develop. Documents obtained from public sources shall not be treated as Confidential Information, unless the public source produced said documents by mistake, inadvertence and/or negligence.

III.3     All matters designated by a Designating Party as Confidential Information in accordance with this Order shall be used solely for the purposes of this action.  It may not be used for any business or commercial purpose (except as is contemplated at Paragraph 3.3) or for any other litigation except by written agreement between the Designating Party and the Receiving Party or upon an order by this Court after reasonable notice and a hearing, at which the Designating and Receiving Parties shall have an opportunity to be heard.  To the extent a party wishes to use confidential information at a mediation, settlement conference or other method of alternative dispute resolution, the parties shall submit such documents *in camera* to the mediator, facilitator or presiding officer, from who the documents shall be retrieved when the proceeding shave concluded.

III.4     If any party or a member of the public believes that any designated material does not contain confidential, proprietary, or trade secret information, it may, at any time, contest the applicability of this Stipulated Protective Order to such material by notifying the attorneys for the producing party and identifying the material contested.  Upon such notification, the parties shall first try to jointly dispose of such dispute in good faith.  If the dispute cannot be resolved, the party that disagrees with the designation may seek appropriate relief from this Court, and the Designating Party shall have the burden of proving that the information is then entitled to be treated as Confidential Information for the purposes of this Order.

III.5     A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time it is made, and not doing so at that time shall not waive its right at any time during which this Order shall be in effect to request the Court to determine the propriety of the designation or in any way preclude a subsequent challenge to such designation.

III.6     The designation by a Designating Party of any document, thing, or information as Confidential Information pursuant to this Order shall be made in good faith.  Treatment by opposing counsel in conformity with the indicated designation shall not be an admission or agreement by any party that the designated information, in fact or in law, constitutes or contains any proprietary or confidential information of any other party. The designation of information as being Confidential Information, pursuant to this Order, shall not, in substantive proceedings in this action, excuse or relieve the Designating Party from the burden of proof imposed by the relevant substantive law.

III.7     This Order shall not be construed as a waiver by the parties of any objection that might be raised as to the admissibility of any evidentiary material. This Order shall also be without prejudice to the rights of any person to oppose production of any information on any proper ground.

III.8     It is expressly contemplated, agreed and ordered that third parties, including witnesses, who provide discovery in this action may invoke all provisions of this Stipulated Protective Order as to that discovery, and that the parties to this Order will treat all material designated by such third parties as Confidential in accordance with the terms of this Stipulated Protective Order.

IV. DESIGNATION OF CONFIDENTIAL INFORMATION

IV.1  Documents and things to be inspected shall be treated as Confidential Information during inspection.  At the time of copying for a Receiving Party, a document or thing that a Designating Party asserts contains Confidential Information shall be marked "CONFIDENTIAL" or "CONFIDENTIAL subject to STIPULATED PROTECTIVE ORDER," or the Designating Party shall inform the other parties by letter that the documents are "Confidential," and shall be revealed only as provided herein.  Failure to so mark a document or thing in accordance with this Order or to notify the parties as provided here shall not preclude any party desiring to so designate the document or thing thereafter from, in good faith, marking the document or thing and requesting, in writing, the Receiving Party to so mark and treat the document or thing in accordance with this Order, provided the party proceeds promptly after discovery of any omission of the "Confidential" marking.  Thereafter, the document or thing shall be fully subject to this Order. Neither party shall incur liability for any disclosures made prior to notice of such designations.

IV.2  Any parties' employees, agents, or authorized personnel who receive documents containing an "Export Controlled" legend must comply with Title 22, Vol. 1 of the Code of Federal Regulations, entitled "Foreign Relations Chapter 1 – Department of State Part 120 – Purpose and Definitions, Section 120.1, *et seq.*," which in turn requires compliance with the Arms Export Control Act.  If a party retains an outside expert who is a foreign citizen, said expert will be bound by terms of this Confidentiality Order and may obtain documents deemed "Export Controlled" for purposes of this litigation but will not disseminate or use them in anyway contrary to the provisions in the Arms Export Control Act.

V. USE AND/OR DISCLOSURE OF CONFIDENTIAL INFORMATION

 V.1 A party's attorney may distribute Confidential Information or share information obtained from Confidential Information with the following categories of persons, and no other, except by further order of the Court:

 V.1 1 the Court and its personnel and any other person, such as a court-appointed and/or party-designated special master, who may serve in a judicial or quasi-judicial function;

 V.12 a professional court reporter or videographer engaged to transcribe or record testimony in this action;

 V.1 3 any individual who is a party of record in this action as of the date of entry of this Order and any officers, directors or employees of a corporate party who have direct responsibility for assisting in the preparation and/or trial of this action;

 V.1 4 outside counsel of record providing assistance with this litigation (including law clerks, legal assistants, technical assistants, secretaries and clerks of such counsel);

 V.1 5 outside experts providing assistance with this litigation, provided that such experts first shall have signed an Non Disclosure Agreement, as attached,. Each party's attorney shall provide the party which produced the confidential or proprietary information with a copy of each signed nondisclosure agreement (Exhibit "A") within thirty (30) days after final conclusion of all aspects of this litigation. Further, within said time, each party's attorney shall also provide the producing party with an affidavit from each recipient of protected materials confirming that the recipient has not disseminated protected materials to anyone not permitted under the terms of this Order, that he has returned all protected materials to the party's attorneys office, that he has destroyed all notes containing confidential information and that he has not retained copies of any protected materials;

 V.1 6 witnesses, either by deposition or trial testimony, who may be shown such materials as are subject hereto, and questioned about the same, but whose testimony, as well as

such materials affixed as exhibits, shall remain subject to this Stipulated Protective Order. Such documents shall be used with witnesses only in the event that counsel questioning the witness has a good faith basis for reviewing the particular document with the witness or in the event that the witness is indicated on the document embodying the information as an author, source, or recipient of the document or information;

V.17 such other persons as the Parties shall agree to in writing or the Court shall determine.

5.1.8 mediators, facilitators, and presiding officers, subject to the provisions of paragraph 3.3.

V.2 The individuals defined in paragraphs 5.1.1 through 5.1.7, inclusive, may make copies of Confidential Documents for use in this litigation and this litigation only.

V.3 No party's attorney shall make any disclosure of protected materials pursuant to paragraph 4 or paragraph 5 of this Stipulated Protective Order to any person without first having obtained from each proposed recipient a signed "Nondisclosure Agreement" in the form attached as Exhibit "A."

V.4 Should a party wish to file, make reference to, append or produce Confidential Information in any court other than the Court presiding over this litigation, or produce or disclose Confidential Information to any party in any litigation other than in this litigation, the party must provide at least 15 calendar days advance written notice to the party that produced the Confidential Information, and agree to submit a proposed Stipulated Protective Order in that other litigation identical in its terms to this Stipulated Protective Order. Confidential Information may only be used if that other court in fact enters such an order.

V.5 In the event that any person: (a) is served with a subpoena in another action, or (b) is served with

a demand in another action to which he or she is a party, or (c) is served with any other legal process by one not a party to this litigation, seeking Confidential Information, that person shall give prompt written notice of such event to counsel of record for the party that produced the information and shall object to its production. Upon receipt of written notice, the party that produced the Confidential Information shall advise the person who is to respond to the discovery requests, subpoena or demand of that party's position. Thereafter, the party that produced the Confidential Information shall assume responsibility for preserving and prosecuting any objection to the discovery requests, subpoena or demand, and the person served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the Confidential Information.

Should the person seeking access to the Confidential Information take action to enforce such discovery requests, subpoena, demand, or other legal process, the person so served shall set forth in his response the existence of this Stipulated Protective Order. Nothing herein shall be construed as requiring the receiver to challenge or appeal any order requiring production of Confidential Information, or to subject him to any penalties for noncompliance with any legal process or order, or to seek any relief from the court.

VI. <u>USE OF CONFIDENTIAL INFORMATION AT DEPOSITIONS</u>

VI.1 Upon the good faith assertion by counsel for the Designating Party that a question or line of questions at a deposition or hearing is likely to result in the disclosure of Confidential Information, any person not entitled under the pertinent provision of Paragraph V to access to Confidential Information shall leave the deposition or hearing until the question or line of questions is completed, unless otherwise ordered by the Court, and the Confidential Information disclosed at the deposition or hearing shall not, directly or indirectly, in whole or in part, be used with, disclosed or made available to any person, except those persons set forth, with respect to Confidential Information, in Paragraph V.

VI.2    Information disclosed at the deposition of the Designating Party or its present or former officers, directors, employees, agents or independent consultants may be designated as Confidential Information either (a) on the record at the deposition, or (b) by serving a written notification on the other parties and any involved deponent (other than a party or an employee of a party) within twenty (20) business days of receipt of the transcript by counsel for the Designating Party, as described below.

VI.3    Unless otherwise agreed to by the parties prior to or after the commencement of a deposition, all transcripts of deposition and deposition exhibits, and all information adduced in deposition, shall, in their entirety, be treated as Confidential Information for a period of ten (10) business days after such transcripts and exhibits are actually received by counsel for each party. The Designating Party may, within the time period prescribed in Paragraph 6.2, specifically designate information contained in the transcript and exhibits as Confidential Information, whether or not previously designated as such, by notifying all parties in writing of the specific pages and lines of the transcript or exhibit which contain such information. Each party shall attach a copy of such written statement to the face of each copy of the transcript or exhibit in the party's possession or under its control. Thereafter, these portions of the transcript designed as "Confidential" shall be treated in accordance with the terms of this Stipulated Protective Order.

VII. <u>DESIGNATED CONFIDENTIAL INFORMATION AND COURT PROCEEDINGS OR FILINGS</u>

7.1    All documents filed with the Court and designated as containing Confidential Information shall be filed under seal in accordance with the Federal Rules of Civil Procedure and the Local Rules for the Western District of North Carolina.

7.2    All documents filed with the Court under seal shall be served on opposing counsel in hard copy or by any method listed under Fed.R.Civ.P. 5.

## VIII. TERMINATION OF THIS ACTION

VIII.1  Within one hundred and twenty (120) days after the Termination of this action, the original and all copies of each document and things produced in discovery and, other than attorney work product, any notes, summaries, abstracts or portions of any such document or thing, including copies given to any expert or other person pursuant to this Order, which contains Confidential Information, shall (unless contrary to the Court's rulings in this Action) be returned to counsel for the Designating Party or, at the option of the Designating Party, destroyed by the party in possession. If the Designating Party elects to have the party in possession destroy documents embodying or reflecting Confidential Information, the party in possession shall, within sixty (60) days of termination, certify to the Designating Party in writing that such destruction has been completed.

VIII.2  Insofar as the provisions of this Order restrict the use, disclosure or communication of any document or thing produced under it, this Order shall continue to be binding after the Termination of this action, and the Court shall retain jurisdiction of all persons and parties bound by this Order for the purposes of its enforcement.

## IX. MISCELLANEOUS

IX.1  The terms of this Stipulated Protective Order shall apply automatically to any and all actions arising from the December 9, 2004 crash of a Hughes Model 369(d) helicopter near Zachary, Louisiana, which are later filed in, removed to, transferred to this Court or consolidated with this action.

IX.2  If a party through inadvertence produces or provides discovery that it believes is Confidential Information or is subject to a claim of attorney-client privilege or work product immunity, the producing party may give written notice to the receiving party or parties that the document is Confidential or is subject to a claim of

attorney-client privilege or work product immunity and request that the document be returned to the producing party. The inadvertent disclosure of information shall not constitute a waiver of attorney-client privilege or work-product immunity. The receiving party or parties shall return to the producing party such document and any copies thereof. Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, actually Confidential or subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from moving the Court for an Order that such document has been improperly designated or should be producible for other reasons than a waiver caused by the inadvertent production. Documents returned as Confidential Information shall be re-marked in the manner provided above and produced in accordance with this Order.

IX.3  When any attorney of record in this action becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall promptly report to the Designating Party that there may have been a violation of this Order.

IX.4  Execution and entry of this Order shall not prevent a party to this action from seeking upon application to this Court to modify this Order for good cause shown or from seeking such other relief upon good cause shown as may become appropriate or necessary.

**SO ORDERED**.

Signed: June 19, 2007

_Carl Horn, III_

Carl Horn, III
United States Magistrate Judge

STIPULATED AND AGREED:

 s/ Richard E. Genter (with consent)

Attorney for Charles Duke


 s/ Susan L. Hofer (with consent)

Attorney for Aerial Solutions, Inc.


 s/ Brittany M. Schultz

Attorney for Allison, Rolls-Royce and General Motors Defendants


s/ Ned A. Stiles (with consent)

Attorney for Defendants Standard Aero, Inc.,

and Standard Aero, Limited

# EXHIBIT A

**<u>NON-DISCLOSURE AGREEMENT</u>**

I _____, declare as follows:

I understand that the information and/or documents to be provided to me identified as confidential are subject to a Stipulated Protective Order and constitute confidential information that is to be used only for the purpose of this litigation, I understand that said information is not to be disclosed by me to anyone nor used for any purpose other than that described above.

I have read the Stipulated Protective Order entered in this litigation and agree to be bound by its terms. I understand that I may not in any way disseminate any confidential information received by me in the course of this litigation in any way not prescribed by the Stipulated Protective Order. I further understand that I must return all copies of confidential information upon request at the conclusion of this matter.

I hereby submit to the jurisdiction of any court within the United States that may otherwise have jurisdiction over this litigation and/or any proceedings to enforce the terms of Stipulated Protective Order against me, whether by way of contempt of court, by a civil action for injunction and monetary damages, or otherwise.

A

I declare under penalty of perjury that the foregoing is true and correct.

Executed at _____, this ____ day of _____, 2007

_____