IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:05CV538-W

| | |
|---|---|
| CHARLES DUKE and AERIAL SOLUTIONS INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROLLS-ROYCE CORPORATION, ROLLS-ROYCE NORTH AMERICA INC., STANDARD AERO INC., and STANDARD AERO LIMITED, <br><br> Defendants. | **MEMORANDUM AND RECOMMENDATION** |
| AERIAL SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALLISON ENGINE COMPANY, INC. d/b/a ROLLS-ROYCE ALLISON, ALLISON ENGINE COMPANY, GENERAL MOTORS CORPORATION, and GENERAL MOTORS CORPORATION GAS TURBINE DIVISION, <br><br> Defendants. | |

**THIS MATTER** is before the Court on the following motions and memoranda:

1. Rolls-Royce Corporation, Rolls-Royce North America, Inc., Allison Engine Company, Inc. d/b/a Rolls-Royce Allison, Allison Engine Company, General Motors Corporation, and General Motors Corporation Gas Turbine Division Defendants' (collectively "Rolls-Royce Defendants") "Motion to Transfer" (document #32) and "Brief in Support . . ." (document #33), both filed

February 19, 2007;[1]

2. "Plaintiff Charles Duke's Brief in Opposition to Defendants' Motion to Transfer" (document #61) filed May 24, 2007;

3. "Defendants Standard Aero, Inc. and Standard Aero Limited's Brief in Opposition to [the Rolls-Royce Defendants'] Motion to Transfer Venue" (document #62) filed May 25, 2007;

4. "Plaintiff Aerial Solutions, Inc.'s Brief in Opposition to Defendants' Motion to Transfer" (document #63) filed May 25, 2007;

5. Rolls-Royce Defendants' ". . . Reply Brief . . ." (document #66) filed June 5, 2007; and

6. "Plaintiff Charles Duke's Sur-Reply Brief . . ." (document #70) filed June 8, 2007.

The instant motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and is now ripe for disposition.

Having considered the parties' arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Rolls-Royce Defendants' Motion to Transfer be denied, as discussed below.

---

[1] On April 27, 2007, this matter was consolidated with Aerial Solutions, Inc. v. Allison Engine Company, Inc. d/b/a Rolls-Royce Allison, Allison Engine Company, General Motors Corporation, and General Motors Corporation Allison Gas Turbine, 3:07CV7. A virtually identical "Motion to Transfer" was filed in the corresponding action, thus, the Court will treat the subject Motion as having been filed by all of the moving Defendants ("Rolls-Royce Defendants") from each action prior to consolidation.

The relationship between the Rolls-Royce Defendants is that of successors-in-interest. As these Defendants explain in their "Brief in Support of Motion to Transfer Venue":

> Prior to and until December 1, 1993, General Motors ("GM") had a division that made aviation engines. The name of that division, at different times, was Detroit Diesel Allison Division and then Allison Gas Turbine Division. The Allison Model 250 engine was designed during that time period. Effective December 1, 1993, GM sold the assets of its Allison Gas Turbine Division to an investment group, AEC Acquisition Corp., which was renamed Allison Engine Company, Inc. at closing. On March 24, 1995, Rolls-Royce plc purchased the stock of Allison Engine Company, Inc. In 2000, the name of Allison Engine Company, Inc. was changed to Rolls-Royce Corporation ("RRC"). RRC manufactures and services the Model 250 product line today.

2

# I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from the December 9, 2004 crash of a helicopter piloted by the Plaintiff Charles Duke. At the time of the crash, Plaintiff Aerial Solutions, Inc. ("Aerial Solutions"), the helicopter owner, had leased the helicopter engine from Defendants Standard Aero, Inc. and Standard Aero Limited (collectively "Standard Aero") to use in "aerial tree trimming" along a utility right-of-way. The Plaintiffs allege that the crash occurred when the helicopter engine, an Allison Model 250 series, shut off in flight due to failure of the Compressor Adapter Coupling. As a result, Plaintiff Duke sustained permanent personal injuries and Plaintiff Aerial Solutions incurred financial losses.

## A. Pending Actions

At the outset, the Court notes that several actions relevant to these underlying facts have been filed. Initially, on December 1, 2005, the Plaintiffs filed the subject action in Superior Court in Mecklenburg County, North Carolina, naming as defendants only Rolls-Royce Corporation, Rolls-Royce North America, Inc., and the Standard Aero Defendants. On December 30, 2005, Defendants Rolls-Royce Corporation and Rolls-Royce North America, Inc. removed the action, on the basis of diversity jurisdiction, to this Court. Although the Plaintiffs contested removal, this Court denied their Motion to Remand on February 28, 2006. In addition, Plaintiff Aerial Solutions filed an action in this Court on January 8, 2007, against Allison Engine Company, Inc. d/b/a Rolls-Royce Allison, Allison Engine Company, General Motors Corporation, and General Motors Corporation Gas Turbine Division. On April 27, 2007, these two actions were consolidated upon the consent of all parties.

In the interim between filing of the above two actions, in December 2006, Plaintiff Duke

filed an action in the United States District Court for the Southern District of Indiana and in Indiana state court against the Rolls-Royce Defendants, the Standard Aero Defendants, General Motors Corporation Detroit Diesel Allison Division, and Southeast Helicopters. Plaintiff Duke asserts that he filed these competing actions in Indiana after learning of the Rolls-Royce Defendants' intention to pursue a "successor liability" defense (an issue because in the first lawsuit filed the General Motors and Allison defendants were not named). In regard to the federal action in Indiana, Plaintiff Duke previously stated his intention to file a motion to transfer venue to the Western District of North Carolina on or before June 13, 2007. The Indiana state court action has been stayed, and according to Plaintiff Duke, "[i]t is highly unlikely . . . that this case will ever become active again."

Plaintiff Duke initially petitioned the Judicial Panel on Multidistrict Litigation to consolidate the pretrial proceedings for all three federal actions in this District, but the Panel denied his request on April 20, 2007.

**B. Locations of Parties and Relevant Evidence**

**1. Plaintiff Duke**

Plaintiff Duke strongly opposes a transfer to the Southern District of Indiana, in spite of having filed the above noted actions in Indiana.

Plaintiff Duke was piloting the helicopter near Zachary, Louisiana at the time of the crash, in which he sustained very serious injuries (rendering him a paraplegic). Duke describes himself as a Tennessee resident temporarily residing in Carolina Beach, North Carolina. Any of his employment records relevant to this action would be located with his employer at the time of the accident, Plaintiff Aerial Solutions, in their sole office in Tabor City, North Carolina. The majority of Plaintiff Duke's medical records would be in his home state of Tennessee; however, he asserts

4

that he is currently attempting to switch his medical care to North Carolina.

### 2. Plaintiff Aerial Solutions, Inc.

Plaintiff Aerial Solutions, Inc. ("Aerial Solutions") is a North Carolina corporation with its principal place of business in Tabor City, North Carolina. Aerial Solutions is not a party to the Indiana actions and has solely sought relief in this District. The Court assumes that Aerial Solutions' witnesses and evidence would primarily be located in North Carolina.

Plaintiff Aerial Solutions hired Southeast Helicopters[2] to ship the engine from Standard Aero's North Carolina facility to Indiana, install the engine in the helicopter in Indiana, and perform routine maintenance on it in Southeast Helicopters' South Carolina maintenance facility. The engine allegedly had routine maintenance performed by various defendants and others in Indiana, North Carolina, South Carolina, and Canada.

### 3. Rolls-Royce Defendants

The Rolls-Royce Defendants assert that all of their relevant facilities are located in Indianapolis, Indiana. More specifically, the Rolls-Royce Defendants state:

> [t]he Model 250 Engine was designed, produced and tested at the Allison facilities in Indianapolis. Modifications and improvements to the product line were conceived, drawn up, produced and tested in Indiana. The specific Model 250 engine in issue in this case, and the compressor adaptor coupling that was installed in the engine, were designed and manufactured in Indiana.

In addition to the location of the facilities, these Defendants allege that twenty-three of approximately three dozen potential witnesses reside in Indiana. Some of these potential witnesses are no longer employed by these Defendants and thus could not be forced to testify outside of their

---

[2]Southeast Helicopters, a South Carolina corporation with its principal place of business in South Carolina, was originally named as a Defendant in the Indiana actions, but was apparently dismissed without prejudice on May 15, 2007.

home jurisdictions. Further, documents related to the production or design of the engine would primarily be located in Indiana.

However, these Defendants are not without contacts to North Carolina. For example, Rolls-Royce Corporation and Rolls-Royce North America, Inc. authorized Standard Aero Limited to operate a maintenance center in Concord, North Carolina. Further, Defendant Rolls-Royce North America, Inc. is itself authorized to do business in North Carolina and maintains a customer service site on a military base in North Carolina.

### 4. Standard Aero Defendants

The Standard Aero Defendants are a Canadian corporation with their principal place of business in Winnipeg, Canada. However, as noted above, these Defendants operate a maintenance facility in Concord, North Carolina. Indeed, the engine in question had been rented and serviced from the Concord facility several times over the last four years. It is likely that approximately six to nine employees from the Concord facility will be witnesses in this proceeding. Further, it appears that the Standard Aero Defendants are contesting jurisdiction in the Indiana actions.

## II. DISCUSSION OF CLAIMS

The Rolls-Royce Defendants neither contest personal jurisdiction in North Carolina nor contend that venue is improper in this District; rather, they have moved for transfer to the United States District Court for the Southern District of Indiana under 28 U.S.C. §1404(a), that is, for the "convenience of the parties" and "in the interest of justice."

Pursuant to 28 U.S.C. §1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where

6

it might have been brought." The Supreme Court has noted that this provision is:

> intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer under §1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.

Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quotations and citations omitted).

The factors commonly considered in deciding a transfer motion include:

1. The plaintiff's initial choice of forum;
2. The residence of the parties;
3. The relative ease of access of proof;
4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;
5. The possibility of a view;
6. The enforceability of a judgment, if obtained;
7. The relative advantages and obstacles to a fair trial;
8. Other practical problems that make a trial easy, expeditious, and inexpensive;
9. The administrative difficulties of court congestion;
10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and
11. The avoidance of unnecessary problems with conflict of laws.

D.P. Riggins & Associates, Inc. v. American Board Companies, Inc., 796 F. Supp. 205, 211-12 (W.D.N.C. 1992), citing Uniprop Mfrd. Housing Communities Income Fund v. Home Owners Funding Corp. of America, 753 F. Supp. 1315, 1322 (W.D.N.C. 1990).

Most significantly, the plaintiff's choice of forum is given "great weight," and should not lightly be disturbed. Id. at 212, citing Uniprop, 753 F. Supp. at 1322; and Western Steer-Mom N'Pop's, Inc. v. FMT Investments, Inc., 578 F. Supp. 260, 265 (W.D.N.C. 1984). "If a transfer would merely shift the inconvenience from the Defendant to the Plaintiffs, or if the equities lean but slightly in favor of the Defendant after all of the factors are considered, the Court should not disturb the Plaintiff's choice of forum. Bates v. J.C. Penny Co., Inc., 624 F. Supp. 226, 227 (W.D.N.C.

1985). The Rolls-Royce Defendants argue, however, that the Plaintiffs' choice of forum is immaterial here because Plaintiff Duke also filed two actions in Indiana.

Whether or not the Rolls-Royce Defendants are correct as to the weight to be given to Plaintiff Duke's choice of forum, "great weight" must still be given to Plaintiff Aerial Solutions' choice of forum. Further, Plaintiff Duke has since expressed his desire to litigate only in this District and continues to seek this result.

The residence of the parties also weighs in favor of retaining the action in North Carolina. First, Plaintiff Aerial Solutions resides exclusively in North Carolina. Second, Plaintiff Duke is currently residing in Carolina Beach, North Carolina, and has indicated his intention to transfer his medical treatment to North Carolina. Although the Standard Aero Defendants do not reside in North Carolina, the relevant Standard Aero facility is located in nearby Concord, North Carolina.

The relative ease of access of proof is a neutral factor in this case. While there is substantial evidence located in Indiana, there is also substantial evidence in and around North Carolina; thus, transferring this action to Indiana would merely shift the burden from the Rolls-Royce Defendants to the remaining parties. In short, regardless of the location of the action, parties and witnesses will have to exchange documents and travel between Indiana and North Carolina simply because of their respective locations.

A related factor, the availability of compulsory process for attendance of witnesses and the cost of obtaining attendance of willing witnesses, is also substantially neutral. Plaintiff Duke is located in North Carolina. Plaintiff Aerial Solutions and its employees are located in North Carolina. The relevant Standard Aero employees are located in North Carolina. Employee-witnesses of the Rolls-Royce Defendants mostly reside in Indiana, and, of course, they cannot compel former

employees to appear and testify. However, it also appears that several employees of Southeast Helicopters will be called as witnesses. Southeast Helicopters is slightly outside the 100-mile radius of this District, but has voluntarily agreed to submit to subpoenas issued by this Court. Importantly, Southeast Helicopters has indicated that it will not submit to subpoenas if this action were transferred to Indiana. In addition to these non-party witnesses, the parties anticipate seeking the testimony of several Federal Aviation Administration employees located in Greensboro, North Carolina, relating to the FAA's oversight and approval of Plaintiff Aerial Solutions' flight operations.

The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is familiar with the state law governing the action and avoidance of unnecessary problems with conflict of laws (two of the noted factors governing venue selection) are neutral factors. Whatever choice of law issues may arise in the course of the remaining proceedings can be competently addressed by the District Court in either North Carolina or Indiana.

The enforceability of a judgment slightly weighs in favor of retaining the action in this District as the Standard Aero Defendants have contested jurisdiction in their Answer in the Indiana action. The possibility of a view is a neutral factor in that a view is probably not necessary and, in any event, the accident occurred in Louisiana. The relative advantages and obstacles to a fair trial appear to be equal in the two jurisdictions. Evidence will have to be exchanged and witnesses will have to travel regardless of the chosen forum. And there does not appear to be an advantage between either of the two districts in regard to court congestion.

In weighing all of the relevant factors, the most heavily weighted is the Plaintiffs' choice of

forum, even considering that one of the two Plaintiffs initially chose two forums. In addition, the undersigned has given great weight to the fact that Plaintiff Duke currently resides in North Carolina, Plaintiff Aerial Solutions resides only in North Carolina, the relevant location of the Standard Aero Defendants is in North Carolina, and the fact that Southeast Helicopters has agreed to submit to subpoenas from this Court but refused to submit should this action be transferred to Indiana.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Rolls-Royce Defendants' "Motion to Transfer" (document #32) be **DENIED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; <u>and to the Honorable Frank D. Whitney</u>.

**SO RECOMMENDED AND ORDERED.**

Signed: June 29, 2007

*/s/ Carl Horn, III*

Carl Horn, III
United States Magistrate Judge